█ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v. MACK KING, Respondent.— Appeal by the People from an order of the Supreme Court, Kings County, dated October 31, 1962, which dismissed an indictment as against the respondent, one of three defendants charged with murder in the first degree, on the ground that the evidence before the Grand Jury was insufficient as a matter of law. Order affirmed on the opinion of the court below. Kleinfeld, Christ, Hill and Rabin, JJ., concur; Beldock, P. J., dissents and votes to reverse the order and to deny the motion to dismiss the indictment, with the following memorandum: The indictment accused Nealy, Caldwell and the respondent King of the crime of murder "with a loaded rifle": In my opinion, the evidence before the Grand Jury was sufficient, if uncontradicted, for a petit jury to convict King. The evidence showed that: (1) About 6:00 or 7:00 P.M. on January 21, 1962, Nealy brought the rifle to King's apartment, where King took custody of it and put it in his bedroom. He knew the rifle was loaded. All three defendants discussed a possible fight that night and agreed that if there were a fight they would use the rifle, and that any one of them was to use the rifle if it became necessary to do so. (2) King knew this was a gang fight and that a rival gang was after the three defendants and might attack them. He knew that Caldwell fired the rifle once into the gang; he did not object. Nealy's firing thereafter of the fatal shot was part of the fight between the three defendants, acting together, and the rival gang. (3) The firing of a live bullet from the inside of King's apartment into a gang on the street cannot be said to be for purposes of a simple assault. The purpose was to kill. The fact that the rifle was used from the inside of King's apartment shows that the rifle could not have been used at that time for defensive purposes, but offensively only. All the firing from King's apartment occurred with his acquiescence or approval, if not with his active participation.