OPINION OF THE COURT
William C. Thompson, J.
This is a case of first impression.
In an omnibus motion seeking divers relief defendant contends, inter alia, that the indictment is defective.
*840 In a multicount indictment defendant is charged with grand larceny and theft of services. On the grand larceny charge defendant is accused of such crime in that he "did steal property, to wit, a quantity of gas from Brooklyn Union Gas Company” (emphasis supplied). He argues in substance that this statement does not allege a larceny because it fails to charge him with the "wrongful taking of property.” He also argues that gas is not a property but a "service”. Additionally, he contends that the presumptions contained in the theft of services statute are unconstitutional on their face because they do not logically flow from the state of facts that must first be proven under the statute.
In subdivision 1 of section 155.00 of the Penal Law "property” is defined, in part, as meaning "any article, substance or thing of value.” Subdivision 8 thereof defines "service” as including "the supplying of commodities of a public utility nature such as gas”. (Emphasis supplied.)
Subdivision 1 of section 155.05 of the Penal Law states as the definition of "larceny” that "[a] person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof.”
Subdivision 1 of section 155.45 of the Penal Law states, insofar as relevant hereto, that an indictment for larceny is sufficient if it alleges that defendant "stole property” without designating the particular way and manner in which such property was stolen or the particular theory of larceny involved.
Subdivision 5 of section 165.15 of the Penal Law alleges, in part, that a theft of services occurs when with intent to avoid payment a party tampers with a meter without the consent of the supplier of the service. Proof that the meter has been tampered with or otherwise intentionally prevented from performing its measuring function shall be presumptive evidence that the person to whom the service is being furnished by such meter has with intent to avoid payment created or caused to be created the condition so existing. A person who tampers with such device without the consent of the supplier of the service is presumed to do so with the intent to avoid payment for the service involved. Subdivision 6 thereof states that a person is guilty of theft of services when he knowingly accepts or receives the use and benefit of service which should *841 pass through a meter but has been diverted therefrom or which has been prevented from being correctly registered by a meter provided therefor or has been diverted from the pipes of the supplier thereof. Proof that service has been intentionally diverted from passing through a meter or prevented from being correctly registered by a meter or intentionally diverted from the pipes shall be presumptive evidence that the person who accepts or receives the use and benefit of such services has done so with knowledge of the condition so existing.
At the outset, it should be noted that the gravamen of the crimes of larceny and theft of services herein charged is essentially different although the facts alleged are encompassed within both crimes. The larceny involves the wrongful taking or stealing of property while the theft of services involves the unauthorized interference with the supplying commodity.
It is clear that the larceny counts of the indictment herein by virtue of the afore-mentioned applicable statutes properly charged such crime. Moreover, the word "steal” is generic and, apart from the above-mentioned statutory definition, is defined as "to take the property of another” and "to take or appropriate without right or leave and with intent to take or make use of wrongfully” (Webster’s New Collegiate Dictionary [8th ed, 1976]). It is, therefore, clear that the indictment herein charging the crime of larceny within the language of the statute is sufficient (cf. People ex rel. Guido v Calkins, 9 NY2d 77, 81; People v Viola, 264 App Div 38, 40; People v Barton, 51 AD2d 1044).
It is also clear that "gas” classified by statute as a commodity, falls within the statutory definition of property in that it is minimally, an "article, substance or thing of value” (cf. People v Spatarella, 34 NY2d 157, 162; see definition of "commodity” in Webster’s New Collegiate Dictionary [8th ed, 1976]; see, also, Black’s Law Dictionary [4th ed, 1951]). Contrary to defendant’s contention, the product, "gas”, is not a "service” either by statutory definition or by common understanding, and may be the subject of a larceny (see 50 Am Jur 2d, Larceny, § 76).
In volume 113 of the American Law Reports (p 1282), out-of-State authorities are collated which uphold the view that gas may be the subject of a larceny.
In Woods v People (222 Ill 293) the court affirmed appellant’s conviction for larceny. It was held that gas may be the *842 subject of a larceny and such crime was a separate and distinct offense from that created by statute making it unlawful to tamper with a gas meter for the purpose of consuming gas without having it registered by the meter. It rejected appellant’s argument that he could only be prosecuted under the specific statute providing for a lesser degree of crime than under the general statute providing for a higher degree of crime.
The issue regarding the constitutionality of the presumptions set forth in the theft of services statute is premature at this posture of the proceedings. There is nothing in the record to indicate the quantum of proof the State will introduce upon the trial and the extent to which it will rely upon these presumptions in establishing defendant’s violation of such statute. It is a principle of law that a court of original jurisdiction should not engage in statutory construction of constitutional import absent the more compelling circumstances (cf. Comiskey v Arlen, 55 AD2d 304, 307; Halpern v Gozen, 85 Misc 2d 753, 757).
It should also incidentally be noted that where the same act constitutes different crimes and is punishable in different ways, the State may prosecute under a general statute of a higher degree although a more specific one of a lower degree is available (People v Bergerson, 17 NY2d 398, 401; see, also, People v Lubow, 29 NY2d 58, 67).
The motion to dismiss is denied in all respects.