**In re Brian K. CALLERY, Debtor.**

**HOUSEHOLD FINANCE CORPORATION,**
**Plaintiff,**

v.

**Brian K. CALLERY, Defendant.**

**Bankruptcy No. 80–30103.**
**Adv. No. 80–7021.**

United States Bankruptcy Court, S. D. New York.

Sept. 30, 1980.

Leonard J. McCue, P.C., Newburgh, N.Y., for plaintiff.

Fabricant, Lipman & Kennedy, Goshen, N.Y., for debtor–defendant; by Lawrence X. Kennedy, Goshen, N.Y., of counsel.

JEREMIAH E. BERK, Bankruptcy Judge.

On March 17, 1980 the debtor (defendant herein) filed a voluntary petition for an order for relief under Chapter 7 of the Bankruptcy Reform Act of 1978, 11 U.S.C. § 101, *et seq.* (hereinafter Bankruptcy Code). Thereafter, Household Finance Corporation (plaintiff herein) commenced an adversary proceeding under Part VII of the Rules of Bankruptcy Procedure, 411 U.S. 1068, 93 S.Ct. 3147, 37 L.Ed.2d lxvi, *et seq.,* seeking to except from discharge, pursuant

to Bankruptcy Code § 523(a)(2)(B), a consumer debt in the sum of $1,762.59. At pre–trial conference plaintiff amended its complaint to reflect only the "fresh cash" advanced, reducing its claim to $959.78 and seeking judgment therefor. The matter proceeded to trial and upon conclusion plaintiff requested time to submit a post–trial memorandum. Although additional time for such post–trial submission was granted to both parties, neither party has filed a post–trial memorandum. The Court renders its decision upon the pleadings and proof adduced at trial.

## FINDINGS OF FACT:

On October 24, 1978 defendant accompanied his former wife to plaintiff's Middletown, New York office to co–sign for a refinancing of her prior loan with plaintiff. Upon arriving, defendant signed a combination promissory note and security agreement as co–maker and an undated document designated "Financial Statement." Defendant testified, and this Court finds, that the Financial Statement was not completed at the time he signed it, that he signed it in blank and left immediately thereafter, spending no more than five to ten minutes at plaintiff's office, leaving his former wife and plaintiff's loan officer behind to complete the transaction. Defendant had had no prior contacts or dealings with plaintiff.

At the time of this transaction, defendant was not obligated on any of his former wife's debts and, indeed, he had only two creditors, to wit, the Federal Land Bank as mortgagee on his home, and a car loan with Marine Midland Bank. Although defendant denies completing any part of the Financial Statement, the document as introduced in evidence contains the names of four creditors, to wit, Capital, Marine Midland, American Oil and the Federal Land Bank. Defendant testified that, except for his signature, the handwriting thereon was not his and, although he could not be sure, the handwriting appeared to be that of his former wife.

The Financial Statement, as well as the note and security agreement, were executed in the presence of Fredrick Walton, Manager of plaintiff's office for the past fourteen years. Mr. Walton initially testified that defendant had obtained prior loans from plaintiff and had an outstanding loan on October 24, 1978. However, after reviewing his records on cross–examination, Mr. Walton corrected his testimony to reflect that defendant had had no prior dealings with plaintiff. Mr. Walton could not recall any discussions with defendant regarding the listing of creditors on the Financial Statement, nor could he remember any conversations which took place during this loan transaction. However, it was his belief that the names of the creditors were written on the Financial Statement before defendant signed the document, although he was not certain who completed the information.

After conducting "a minimal credit check" by verifying defendant's employment, Mr. Walton approved the loan refinancing and the "fresh cash" was advanced. Defendant denies receiving any of the loan proceeds. Thereafter, defendant's wife left him, obtained a foreign divorce, and defendant began receiving bills for her individual debts.

## DISCUSSION:

■ Bankruptcy Code § 523(a)(2)(B), in relevant part, provides:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

(2) for obtaining money, property, services, or an extension, renewal, or refinance of credit, by—

(B) use of a statement in writing—

(i) that is materially false;

(ii) respecting the debtor's ... financial condition;

(iii) on which the creditor to whom the debtor is liable for obtaining such money, property, services, or credit reasonably relied; and

(iv) that the debtor caused to be made or published with intent to deceive.

Plaintiff has the burden of proving each element of its claim under this Section.[1] Proof of each element must be by clear and convincing evidence. "Where dishonesty, or fraud, is at issue, the courts have typically required a higher standard of proof." [2]

 Plaintiff has failed to establish the falsity of the Financial Statement in issue. As proof of its falsity, plaintiff relies on defendant's Bankruptcy Petition and Schedule A–3 which contains a list of defendant's creditors. Although Schedule A–3 does list several creditors whose obligations arose prior to October 24, 1978, defendant testified, and this Court finds, that those obligations were incurred by his former wife in her own name without his knowledge. The Financial Statement signed by defendant does contain the names of all of *his* creditors in existence on October 24, 1978. Plaintiff has not only failed to establish by clear and convincing evidence that the Financial Statement was materially false, but that it was indeed false at all.

However, even if this Court were to determine that the Financial Statement was materially false, plaintiff's claim would still be denied for failure to prove the requisite intent to deceive. Plaintiff has failed to establish that the Financial Statement was either knowingly false, or made so recklessly as to warrant a finding that defendant acted fraudulently.[3] At best, the testimony reveals that defendant listed some of his former wife's individual debts in his Schedule A–3, which debts came to his attention after he signed the Financial Statement.

CONCLUSIONS OF LAW:

1. Plaintiff has failed to establish that its debt from defendant should be excepted from discharge under Bankruptcy Code § 523(a)(2)(B). Defendant's debt to plaintiff is discharged.

2. This matter is set down for further proceedings pursuant to Bankruptcy Code § 523(d) for a determination on the issue of costs and a reasonable attorney's fee for October 10, 1980 at 2:00 P.M.

It is SO ORDERED.

---

1. See *In re Nelson*, 561 F.2d 1342, 1346 (9th Cir. 1977). Although *Nelson* was decided under the Bankruptcy Act of 1898, the same standard would apply to § 523(a) of the Bankruptcy Code, which substantially incorporated § 17(a)(2) of the Bankruptcy Act. *In re Jones* 6 BCD 68, 3 B.R. 410 (Bkrtcy., W.D.Va.1980). See also 3 *Collier on Bankruptcy* ⸢ 523.09, at p. 523–48–49 (15th ed. 1980).

2. *In re Huff*, 1 CBC2d 171, 173, 1 B.R. 354 (Bkrtcy., D.Utah 1979).

3. See 3 *Collier on Bankruptcy* ⸢ 523.09[b] (15th ed. 1980).