■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLEN CUFFEE, Appellant.—Harvey, J. Appeal from a judgment of the County Court of Washington County (Berke, J.), rendered September 23, 1983, upon a verdict convicting defendant of two counts of the crime of assault in the second degree.

Defendant, an inmate at Great Meadow Correctional Facility, was involved in a disturbance that took place between inmates and correction officers at that facility on February 20, 1982. As a large number of inmates were exiting the prison auditorium, a melee broke out between inmates. When correction officers endeavored to restore order, they were assaulted by inmates. Defendant was charged and indicted for second degree assault on two correction officers.

Following a jury trial, defendant was convicted of both counts of assault. At trial, defense counsel objected to the entry into evidence of two colored photographs upon the grounds that they were inflammatory. They depicted the injuries inflicted upon one of the correction officers. The objection was overruled and the photographs admitted into evidence. On appeal, defendant asserts that the trial court's ruling was error. We disagree.

Where, as here, the nature and extent of the officer's injuries are probative on the issue of the elements of the crime charged, the fact that it may arouse the sympathy of the jury is not sufficient to exclude the evidence (Richardson, Evidence § 131, at 104-105 [Prince 10th ed]). A requirement for conviction of assault in the second degree under Penal Law § 120.05 (3) is that the defendant inflict physical injury on a peace officer (CPL 2.10 [25]) when the officer is in the course of performing his duties. The photographs depicting the injuries inflicted by defendant were probative of that element of the crime and, thus, the photographs were properly admissible (*People v Bell,* 94 AD2d 894, 896, *affd* 63 NY2d 796).

We have considered the other issues raised by defendant on this appeal and find that they are either unpreserved for our review (CPL 470.05 [2]) or without merit.

Judgment affirmed. Kane, J. P., Mikoll, Yesawich, Jr., Levine and Harvey, JJ., concur