**In re Frederick W. GOUX, Debtor.**

**Ronald GUALTIERI, Plaintiff,**

v.

**Frederick W. GOUX, Defendant.**

**Bankruptcy No. 85–00118.
Adv. No. 85–0047.**

United States Bankruptcy Court,
N.D. New York.

April 9, 1987.

**356**

McMahon & Grow, Rome, N.Y., for plaintiff.

Vincent R. Corrou, Jr., Utica, N.Y., for defendant; Raymond A. Meier, of counsel.

## MEMORANDUM–DECISION, FINDINGS OF FACT, CONCLUSIONS OF LAW AND ORDER

STEPHEN D. GERLING, Bankruptcy Judge.

Plaintiff Ronald Gualtieri ("Gualtieri") seeks summary judgment on his complaint objecting to the dischargeability of a debt due him from Frederick W. Goux ("Debtor"). As grounds for relief, Gualtieri relies upon §§ 523(a)(2)(A) and (a)(4) of the Bankruptcy Code, 11 U.S.C. §§ 101–151326 ("Code").

The Court is familiar with this proceeding, having previously rendered a Decision dated September 4, 1986, 65 B.R. 121, denying Debtor's motion to dismiss Gualtieri's complaint, denying Debtor's motion to convert to a Chapter 13 case, and declaring void (as a matter of law pursuant to Code § 362(a)) a confession of judgment executed by Debtor during the pendency of his case. The following facts are a compilation of those divulged during the course of the earlier motion, as well as from present affidavits of the parties.

### FINDINGS OF FACT

Debtor originally filed a petition for Chapter 13 relief on February 13, 1985. The case was converted to one under Chapter 7 by Court Order dated May 21, 1985.

Gualtieri filed his adversary complaint based on Code § 523(a)(2)(A) on July 9, 1985, and later amended it to include a cause of action under Code § 523(a)(4).

In August, 1977, Gualtieri gave Debtor the sum of $10,000.00. Gualtieri contends he gave the money to Debtor to acquire a bond on the former's behalf. Debtor states Gualtieri asked him to invest the money in whatever investment was deemed appropriate. Irrespective of just what was Gualtieri's initial request, Debtor failed to purchase any bonds or securities, failed to apply the money to any investment on Gualtieri's behalf, and never returned any funds to Gualtieri.

Gualtieri thereafter gave a sworn statement to the City of Rome, New York, Police Department reciting his allegations concerning the transfer and non-return of the $10,000.00. As a result, a felony complaint was lodged against Debtor on August 21, 1981, charging him with the offense of grand larceny in the second degree. Former New York Penal Law § 155.35 (McKinney 1975).[1]

On May 19, 1982, Debtor pled guilty to a reduced charge of petit larceny. Former New York Penal Law § 155.25 (McKinney 1975).[2] Debtor was sentenced to three years probation, and received a $40.00 penalty. Debtor asserts he pled guilty because his attorney told him to do so.

On May 17, 1985, the Debtor was released from probation, and executed a Confession of Judgment on Gualtieri's behalf in the amount of $8,035.00. As indicated, the execution took place while the Code § 362 stay was in force. This sum represented the original amount due Gualtieri, less payments received during the course of Debtor's probation. The Confession of

---

**1.** § 155.35 of the New York Penal Law formerly read:

Grand larceny in the second degree
A person is guilty of grand larceny in the second degree when he steals property and when the value of the property exceeds one thousand five hundred dollars.
Grand larceny in the second degree is a Class D felony.

**2.** § 155.25 of the New York Penal Law formerly read:

Petit larceny
A person is guilty of petit larceny when he steals property. Petit larceny is a Class A misdemeanor.

Judgment was prepared by the Oneida County Department of Probation, with Gualtieri neither requesting nor securing the same.

### CONCLUSIONS OF LAW

The Court has jurisdiction over this core proceeding, 28 U.S.C. § 157(b)(2)(I), pursuant to 28 U.S.C. § 1334 and § 157(a).

▇▇ Code § 523(a)(2) excepts from discharge certain debts, to the extent obtained by:

(A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; . . .

Code § 523(a) additionally excepts from discharge debts due to

(4) . . . fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny; . . .

As with all exceptions to discharge, these provisions are to be strictly construed in the Debtor's favor. *Gleason v. Thaw*, 236 U.S. 558, 562, 35 S.Ct. 287, 289, 59 L.Ed. 717, 719 (1915). The burden of proof lies with the party contesting dischargeability, with clear and convincing proof being necessary on each essential element of the claim. *Waterbury Community Federal Credit Union v. Magnusson (In re Magnusson)*, 14 B.R. 662, 667 (Bankr.N.D.N.Y. 1981) (Marketos, B.J.). This heightened standard of proof is particularly appropriate when fraud or dishonesty on the debtor's part is at issue. *Id.* at 667; *Household Finance Corp. v. Callery (In re Callery)*, 6 B.R. 527, 529 (Bankr.S.D.N.Y.1980).

While Gualtieri advances two grounds for nondischargeability, a review of the documents filed on his behalf reveals primary reliance upon Code § 523(a)(4). Thus, the Court's inquiry will begin by questioning whether Debtor's prior plea of guilty to the state court criminal charge of petit larceny suffices, as a matter of law, as a basis for maintaining his personal liability for the allied debt.[3]

Fed.R.Civ.P. 56(c) (applied herein pursuant to Fed.R.Bankr.P. 7056) provides that summary judgment is proper when the court determines that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."

When the movant supports his motion for summary judgment, the opposing party must set forth specific facts showing a genuine issue for trial. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 288–89, 88 S.Ct. 1575, 1592–93, 20 L.Ed.2d 569 (1968); *Wyler v. United States*, 725 F.2d 156, 160 (2d Cir.1983); *Project Release v. Prevost*, 722 F.2d 960, 969 (2d Cir.1983); *Contemporary Mission, Inc. v. United States Postal Service*, 648 F.2d 97, 107 (2d Cir.1981).

The court's duty then consists of considering all the admissible evidence set forth, as well as all reasonably deducible inferences therefrom. *Schwabenbauer v. Board of Education*, 667 F.2d 305, 313 (2d Cir.1981); *George C. Frey Ready-Mixed Concrete, Inc. v. Pine Hill Concrete Mix Corp.*, 554 F.2d 551, 554–55 (2d Cir.1977); *United States v. Matheson*, 532 F.2d 809, 813 (2d Cir.), *cert. denied*, 429 U.S. 823, 97 S.Ct. 75–6, 50 L.Ed.2d 85 (1976). The court is not to resolve questions of fact, but rather is to determine whether any material, factual questions have been raised, after resolving all questionable inferences in favor of the party against whom the judgment is sought. *Board of Education v. Pico*, 457 U.S. 853, 863, 102 S.Ct. 2799, 2806, 73 L.Ed.2d 435 (1982); *United States v. Diebold*, 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962) (per curiam); *United States v. Matheson, supra*, 532 F.2d at 813; *Judge v. City of Buffalo*, 524 F.2d 1321, 1323 (2d Cir.1975); *Heyman v. Commerce and Industry Ins. Co.*, 524 F.2d 1317, 1320 (2d Cir.1975); *Rhoads v. McFerran*, 517 F.2d 66, 68 (2d Cir.1975). "[S]ummary judgment should not be denied where the only issues raised are frivolous or immaterial ones which would simply

---

**3.** Debtor received his Chapter 7 discharge on November 8, 1985.

serve to provide an exercise in futility or a purposeless trial for the ... court." *United States v. Matheson, supra,* 532 F.2d at 813; *See Beal v. Lindsay,* 468 F.2d 287, 291 (2d Cir.1972); *Houghton Mifflin Co. v. Stackpole Sons, Inc.,* 113 F.2d 627, 628 (2d Cir.1940) (per curiam)  The opposing party cannot simply rely on conclusive statements. *Wyler v. United States, supra,* 725 F.2d at 160; *Contemporary Mission, Inc. v. United States Post Office, supra,* 648 F.2d at 107; *Quinn v. Syracuse Model Neighborhood Corp.,* 613 F.2d 438, 445 (2d Cir.1980); *See Markowitz v. Republic National Bank,* 651 F.2d 825, 828 (2d Cir. 1981).

The Court interprets Gualtieri's repeated reference to Debtor's guilty plea as his attempt to collaterally estop Debtor from now contesting factual issues which were relevant to the state court criminal action. "Collateral estoppel, like the related doctrine of res judicata, has the dual purpose of protecting litigants from the burden of relitigating an identical issue with the same party or his privy and of promoting judicial economy by preventing needless litigation." *Parklane Hosiery Co., Inc. v. Shore,* 439 U.S. 322, 326, 99 S.Ct. 645, 649, 58 L.Ed.2d 552 (1979) (footnote and citation omitted). The United States Supreme Court has recognized that the doctrine of res judicata is inapplicable to a bankruptcy court's consideration of debt dischargeability. *Brown v. Felsen,* 442 U.S. 127, 138–39, 99 S.Ct. 2205, 2213, 60 L.Ed.2d 767 (1979).  As to the applicability of the doctrine of collateral estoppel, the United States Supreme Court noted in *dicta* that "[i]f, in the course of adjudicating a state-law question, a state court should determine factual issues using standards identical to those of § 17 [of the former Bankruptcy Act], then collateral estoppel, in the absence of countervailing statutory policy, would bar relitigation of those issues in the bankruptcy court." *Id.* at 139 n. 10, 99 S.Ct. at 2213 n. 10, 60 L.Ed.2d at 776 n. 10.

In view of these expressions, courts have uniformly applied the doctrine of collateral estoppel in proceedings under both the former Bankruptcy Act as well as the Code. *Revelle Motors, Inc. v. Spector (In re Spector),* 22 B.R. 226, 231 (Bankr.N.D.N.Y. 1982) (Marketos, B.J.); *Rolls Tools, Ltd. v. Herman (Matter of Herman),* 6 B.R. 352, 359–60 (S.D.N.Y.1980);  *First National Bank of Boston v. Overmeyer (In re Overmeyer),* 52 B.R. 111, 116 (Bankr.S.D.N.Y.) *motion to amend denied,* 53 B.R. 952 (1985); *Matter of Esposito,* 44 B.R. 817, 823 (Bankr.S.D.N.Y.1984);  *Moreno v. Schwartz (In re Schwartz),* 36 B.R. 355, 357 (Bankr.E.D.N.Y.1984);  *Great American Insurance Co. v. Graziano (In re Graziano),* 35 B.R. 589, 594 (Bankr.E.D.N.Y.1983); *Wiese v. Sloan (In re Sloan),* 18 B.R. 1021, 1023–24 (Bankr.E.D.N.Y.1982); *MA & M Inc. v. Supple (Matter of Supple),* 14 B.R. 898, 903–04 (Bankr.D.Conn. 1981); *In re Iannelli,* 12 B.R. 561, 563 (Bankr.S.D.N.Y.1981);  *Tickner v. Allen (Matter of Allen),* 3 B.R. 355, 357–59 (Bankr W.D.N.Y.1980).  *Cf. City Stores Co. v. Mall, Inc.,* 42 B.R. 685, 688 (S.D.N.Y. 1984) (holding that doctrines of collateral estoppel *and* res judicata apply with full force in bankruptcy court).   Generally, these courts have applied a four part test (or a variant thereof) to determine whether facts adjudicated during the course of a pre-bankruptcy petition proceeding are to be given collateral estoppel effect for purposes of determining the dischargeability of a debt.  The test, reiterated by the United States Court of Appeals for the Third Circuit in *Matter of McMillan,* 579 F.2d 289, 291–92 (3d Cir.1978) deems collateral estoppel applicable when the following elements are met:

1) the issue sought to be precluded must be the same as that involved in the prior action;

2) that issue must have been actually litigated;

3) it must have been determined by a valid and final judgment;  and

4) the determination must have been essential to the prior judgment.

The Court has previously recognized that the standards of proof used in the prior state court proceedings must, of necessity, comport with the more rigid federal dischargeability standards. *In re Spector,*

*supra,* 22 B.R. at 231–32; *See also Matter of Supple, supra,* 14 B.R. 904. This concern addresses the first prong of the test.

Gualtieri urges the Court to apply the doctrine of collateral estoppel to the Debtor's plea of guilty in the state court criminal proceedings. Specifically, the Second Circuit Court of Appeals has recognized that "a criminal conviction, whether by jury verdict or *guilty plea,* constitutes estoppel in favor of the United States in a subsequent civil proceeding as to those matters determined by the judgment in the criminal case." *United States v. Podell,* 572 F.2d 31, 35 (2d Cir.1978) (emphasis added). *See McCarthy v. United States,* 394 U.S. 459, 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418 (1969); *United States v. Frank,* 494 F.2d 145, 160 (2d Cir.) *cert. denied sub nom. Borgman v. United States,* 419 U.S. 828, 95 S.Ct. 48, 42 L.Ed.2d 52 (1974). This is so as the guilty plea serves as an admission of all elements of the formal criminal charge. *LaMagna v. United States,* 646 F.2d 775, 778 (2d Cir.) *cert. denied,* 454 U.S. 898, 102 S.Ct. 399, 70 L.Ed.2d 214 (1981); *United States v. Smith,* 407 F.2d 33, 35 (2d Cir. 1969); *Boucher v. Reincke,* 341 F.2d 977, 980 (2d Cir.1965); *United States v. Spada,* 331 F.2d 995, 996 (2d Cir.1964) (per curiam).

The criminal statute under which Debtor was convicted, former New York Penal Law § 155.25 (McKinney 1975), imposes criminal liability when a person steals property. "[T]he word 'steal' is generic and, apart from ... statutory definition, is defined as 'to take the property of another' and 'to take or appropriate without right or leave and with intent to take or make use of wrongfully.' (Webster's New Collegiate Dictionary [8th ed, 1976])." *People v. Neiss,* 92 Misc.2d 839, 841, 401 N.Y.S.2d 422 (Sup.Ct.1978) *rev'd & remanded on other grounds,* 73 A.D.2d 938, 423 N.Y. S.2d 942 (1980). Former New York Penal Law § 155.05, subd. 2 (McKinney 1975) included within the broad definition of "larce-

ny", conduct commonly defined or known as embezzlement, as well as the taking of property by false promise.[4]

Respecting the conduct proscribed by Code § 523(a)(4), as a matter of federal common law, embezzlement has been defined as "the fraudulent appropriation of property by a person to whom such property has been intrusted or into whose hands it has lawfully come." *Moore v. United States,* 160 U.S. 268, 269, 16 S.Ct. 294, 295, 40 L.Ed. 422 (1895). The federal common law definition follows that set forth under New York state law, with it differing from a traditional notion of larceny only as to the manner in which the party charged takes possession of the property of another. *Id.; In re Graziano, supra,* 35 B.R. at 594; *See Greyhound Lines, Inc. v. Thurston (In re Thurston),* 18 B.R. 545, 550 (Bankr.M.D.Ga.1982); King, 3 COLLIER ON BANKRUPTCY ¶ 523.14[3], 523–98 (15th ed. 1986).

■ In applying the foregoing precepts to the uncontested material facts, the Court finds that Debtor lawfully took possession of the funds from Gualtieri, regardless of the original source of the monies. At the time of the transfer, Gualtieri possessed a right to possession of the funds superior to that of Debtor. Consequently, for purposes of Code § 523(a)(4), Debtor did not commit larceny. The Debtor has admitted the physical receipt of the monies, and consequently the question is whether his plea of guilty to the criminal charge serves as collateral estoppel on the issue of his intent to fraudulently appropriate the sums, or otherwise act in contravention of express or implied representations made to Gualtieri.

■ Debtor originally was indicted on a state criminal charge differing only from that to which he pled guilty in terms of the nature of the felony's degree based upon the value of the property stolen. In all

**4.** "A person obtains property by false promise when, pursuant to a scheme to defraud, he obtains property of another by means of a representation, express or implied, that he or a third person will in the future engage in particular conduct, and when he does not intend to engage in such conduct or, as the case may be, does not believe that the third person intends to engage in such conduct." Former New York Penal Law § 155.05 subd. 2(d) (McKinney 1975).

other respects, the original charge and that to which Debtor pled are identical. Under circumstances involving different dischargeability provisions, but similar concepts, bankruptcy courts have identified those relevant issues as to which a party is collaterally estopped from relitigating because of a prior criminal guilty plea.

In *United States v. Vandrovec (In re Vandrovec)*, 61 B.R. 191 (Bankr.D.N.D. 1986), the debtor pled guilty to conversion of grain serving as collateral in violation of 15 U.S.C. § 714m(c). The secured party objected to dischargeability of the resultant debt on the basis of Code § 523(a)(6), contending the guilty plea served to establish all elements under the Code by operation of collateral estoppel. In applying the four-part collateral estoppel test, the bankruptcy court noted that the malicious element necessary for debt nondischargeability due to conversion, was not an element of the federal crime to which debtor pled guilty. Consequently, collateral estoppel was inapplicable to all of the elements of Code § 523(a)(6).

A similar result occurred in the case of *In re Esposito, supra.* The debtor had pled guilty to bank fraud under 18 U.S.C. § 1014, with the bank relying upon the doctrine of collateral estoppel to establish all elements necessary under Code § 523(a)(2)(A). The bankruptcy court did not apply the doctrine in toto, for it rightly pointed out that the element of a creditor's reasonable reliance, necessary for Code § 523(a)(2)(A), was not similarly an element of the criminal offense.

In contrast to these cases is *In re Graziano, supra.*, The debtor pled guilty to second degree larceny under New York state law at his arraignment. When the aggrieved party sought to utilize the doctrine of collateral estoppel in its action under Code § 523(a)(4), the bankruptcy court refused, holding that criteria number "(2)" of the four-part test had not been met. The court consequently allowed debtor to introduce evidence at an evidentiary hearing on issues raised by his prior guilty plea, finding support for this result in a line of cases declining to give collateral estoppel effect to prior default judgments. *Id.*, 35 B.R. at 595 n. 1; *See Matter of McMillan, supra,* 579 F.2d at 292–93; *First National Bank of Gainesville v. Grainger (In re Grainger)*, 20 B.R. 7, 10 (Bankr.D.S.C.1981); *Franks v. Thomason*, 4 B.R. 814, 821 (N.D. Ga.1980). The bankruptcy court considered the evidence taken at the evidentiary hearing prior to declaring the debt nondischargeable.

The Court declines to subscribe to the rationale of *Graziano,* for doing so ignores the plethora of case law cited above concerned with the effect to be given a guilty plea arising in a criminal proceeding. On many earlier occasions, the United States Supreme Court has recognized a trial court's responsibility to see that guilty pleas are intelligently and freely rendered. *See e.g., Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711–12, 23 L.Ed.2d 274 (1969); *Kercheval v. United States*, 274 U.S. 220, 223–24, 47 S.Ct. 582, 583, 71 L.Ed. 1009 (1927). The care with which trial courts are to proceed in accepting guilty pleas is largely premised upon the constitutional ramifications and ultimate practical results such voluntary actions have for a criminal defendant. The manner in which criminal pleas of guilty are entered, and the consistently held and understood view as to the ramifications stemming therefrom, obviously differentiate such pleas from default judgments in civil matters.

Accordingly, the Court determines that Gualtieri is entitled to summary judgment on his adversary complaint as a matter of law. Debtor's obligation to Gualtieri arose as a result of conduct constituting embezzlement under Code § 523(a)(4), and his prior guilty plea in the state court criminal proceeding collaterally estops him from presenting evidence as to the debt's dischargeability. It is consequently

ORDERED, ADJUDGED AND DECREED:

1. The debt due Gualtieri from Debtor in the scheduled amount of $8,000.00 is nondischargeable pursuant to Code § 523(a)(4). Let judgment be entered accordingly.