◾ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEXANDER CREDELL, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Agresta, J.), rendered September 8, 1982, convicting him of murder in the second degree and attempted robbery in the first degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing (Chetta, J.), of that branch of the defendant's omnibus motion which was to suppress certain identification testimony and statements made by him to the police.

Ordered that the judgment is affirmed.

The defendant maintains that his guilt was not proven beyond a reasonable doubt, since there was no evidence to indicate that he intended to kill the victim. We find no merit to this contention in view of the fact that the defendant was

charged under Penal Law § 125.25 (3), the felony murder statute, of which "an intent to kill is not a necessary ingredient" *(People v Schleiman,* 197 NY 383, 386). Equally unavailing is the defendant's contention that he had established the affirmative defense contained in Penal Law § 125.25 (3). The defendant's testimony at the trial indicates that he knew that the codefendant who stabbed the victim routinely carried a knife. Under these circumstances, the jury could have inferred that the defendant knew that his codefendant was armed with a deadly weapon or other instrument, as defined in Penal Law § 125.25 (3) (b), thereby negating his affirmative defense.

We further find, contrary to the defendant's contentions, that the comments of the prosecutor during summation did not deny the defendant a fair trial *(see, People v Mayrant,* 109 AD2d 850). We have considered the defendant's remaining contentions and find them to be unpreserved for our review or without merit. Eiber, J. P., Kunzeman, Sullivan and Harwood, JJ., concur.