OPINION OF THE COURT
William D. Friedmann, J.
Defendant seeks an in camera inspection of the Grand Jury minutes and a dismissal of the indictment.
Defendant is charged by the indictment with murder in the *765 second degree (Penal Law § 125.25 [1] [intentional murder]; § 125.25 [3] [felony murder]); robbery in the first degree (Penal Law § 160.15 [1] [serious physical injury to nonparticipant]); criminal possession of a weapon in the second degree (Penal Law § 265.03 [intent to use unlawfully]); criminal possession of a weapon in the third degree (Penal Law § 265.02 [4]); and criminal possession of a weapon in the fourth degree (Penal Law § 265.01 [2]).
RELEVANT FACTS
Defendant is charged with acting in concert with another in the murder of a cab driver.* The codefendant, David Lou, was riding in a cab when he paged Topino to meet him at a Chinese restaurant via alpha numeric beeper which transmits and receives prearranged number signals. (63 meant Chinese restaurant at 63rd Drive in Rego Park.)
Upon Lou’s arrival at the Chinese restaurant, Topino was waiting for him. Lou exited the cab and refused to pay the cab fare. The cab driver held Lou by the neck demanding payment of the $25 cab fare. Topino, an admitted bodyguard for Lou, drew his gun and turned the weapon on the cab driver in order to protect Lou from the cab driver. The cab driver finally released Lou and the defendant put his gun away in his holster.
Lou, who had been restrained, spontaneously pulled out a gun from his waistband and shot the cab driver in the head, killing him. The defendants then left the scene.
CONTENTIONS
The defendant contends that the evidence produced at the Grand Jury proceeding is insufficient to support the robbery and murder charges. Specifically that there is no evidence of acting in concert to perpetrate a robbery or murder, and therefore, those charges should be dismissed.
The People contend that the Grand Jury evidence supports the charges in the indictment.
CONCLUSIONS OF LAW
The first count of the indictment is for intentional murder. *766 The evidence proffered at the Grand Jury presentment indicates that the victim was shot by David Lou. Since there was no evidence that the defendant knew David Lou would actually fire the fatal shots or even draw his gun, he could not be convicted of intentional murder when it appears David Lou acted independently and spontaneously. (See, People v Ozarowski, 38 NY2d 481; People v Agron, 10 NY2d 130; People v Brathwaite, 96 AD2d 865; People v Barnes, 60 AD2d 654.)
Neither was there any evidence showing a community of purpose or a shared intent with the shooter. Therefore, the intentional murder charges cannot be supported by a theory of accessorial liability. (See, Penal Law § 20.00; People v Nieves, 135 AD2d 579; People v Comfort, 113 AD2d 420, lv denied 67 NY2d 760; People v Slaughter, 83 AD2d 857, affd 56 NY2d 993; People v King, 236 NYS2d 457, affd 19 AD2d 656, affd 14 NY2d 718.)
The second count of the indictment is for felony murder. A charge of felony murder, unlike that of intentional murder, does not require the People to prove that the defendant had the intent to kill the victim.
Evidence of the intent to commit the underlying felony that the charge of felony murder is predicated on is required. (People v Stevens, 153 AD2d 768; People v Rice, 61 AD2d 758.)
The common-law felony murder rule arose in England when practically all felonies were punishable by death so that it was immaterial whether the offender was paying for the felony committed or for the homicide committed in the commission of that felony. Today, there is an inclination toward mitigation in the severity of punishment for certain felonies, and many felonies which are less dangerous than those typical of common-law felonies have been established by statute. Accordingly, the felony murder doctrine’s application has been limited to only those felonies that are inherently or foreseeably dangerous to human life (Annotation, 50 ALR3d 397).
Penal Law § 125.25 (3) enumerates specific felonies that may form the predicate crime for the felony murder charge. The felonies were limited in order " 'to exclude rare instances of accidental or not reasonably foreseeable fatality, and especially those which might happen to occur in a most unlikely manner in the course of a non-violent felony.’ ” (Donnino, Practice Commentaries, McKinney’s Cons Laws of NY, Book 39, Penal Law art 125, at 495, quoting Staff Notes of Commn on Rev of Penal Law and Crim Code, Proposed New York Penal Law, McKinney’s Spec Pamph, at 340 [1964].)
*767 Thus, Penal Law § 125.25 (3) explicates only those felonies, the commission of which creates danger to human life — advocating that the felony murder doctrine applies only to felonies which are inherently or foreseeably dangerous to human life. (People v Miller, 32 NY2d 157, 160.)
In the case at bar, the felony murder charge is predicated on robbery in the first degree, the third count of the indictment. Robbery is 1 of the 10 specified felonies of Penal Law § 125.25 (3) which may serve as a predicate felony for a charge of felony murder. An examination of the robbery section of the Penal Law defines robbery as:
"§ 160.00 Robbery; defined.
"Robbery is forcible stealing. A person forcibly steals property and commits robbery when, in the course of committing a larceny, he uses or threatens the immediate use of physical force upon another person for the purpose of:
"1. Preventing or overcoming resistance to the taking of the property or to the retention thereof immediately after the taking; or
"2. Compelling the owner of such property or another person to deliver up the property or to engage in other conduct which aids in the commission of the larceny.”
The court must now examine section 155.00 (larceny), to determine whether in fact a larceny allegedly took place.
An examination of section 155.00 in relevant part reveals that section 155.00 (8) includes service as a possible element: " 'Service’ includes, but is not limited to, labor, professional service, a computer service, transportation service”.
So, it would seem that theft of services may fit into the definition of property. However, it is categorized as a distinct offense in section 165.15 (3).
"Since a 'service’ [defined in § 155.00 (8)] is generally not considered 'property’, and a theft of a service would not therefore constitute larceny, this statute was devised to proscribe such thefts.” (Donnino, Practice Commentary, McKinney’s Cons Laws of NY, Book 39, Penal Law § 165.15, at 241.)
"1. A person steals property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or a third person, he wrongfully takes, obtains, or withholds such property from an owner thereof.” (Penal Law § 155.05.)
"§ 155.00 Larceny; definition of terms.
*768 "1. 'Property’ means any money, personal property, real property, computer data, computer program, thing in action, evidence of debt or contract, or any article, substance or thing of value, including any gas, steam, water or electricity, which is provided for a charge or compensation.”
In the instant case, the wrongful taking is the refusal of codefendant to pay his taxi fare. While failure to pay cab fare could conceivably fall into the category of property of Penal Law § 155.00, it is clear that the more appropriate charge would be theft of services. A person is guilty of theft of services when: "With intent to obtain railroad, subway, bus, air, taxi or any other public transportation service without payment of the lawful charge therefor, or to avoid payment of the lawful charge for such transportation service which has been rendered to him, he obtains or attempts to obtain such service or avoids or attempts to avoid payment therefor by force, intimidation, stealth, deception or mechanical tampering”. (Penal Law § 165.15 [3].)
It is sometimes possible for larceny and theft of services charges to overlap. This type of situation arises when the perpetrator steals both a service and an actual commodity. (See, People v Neiss, 73 AD2d 938, revg 92 Misc 2d 839; People v Robinson, 97 Misc 2d 47; People v McLaughlin, 93 Misc 2d 980.) The larceny and robbery provisions of the Penal Law are intended to deal with tangible property, while the theft of services provision (§ 165.15 [3]) is specific as to the avoidance of taxi fare payment. Since the robbery charge is inappropriate in this case, therefore, the felony murder count of the indictment is also inappropriate. (See, People v Stevens, 153 AD2d 768, supra.)
CONCLUSIONS OF LAW
After a thorough in camera examination of the Grand Jury minutes and the relative provisions of the Penal Law, the court finds insufficient evidence to support the charge of intentional murder. There is also insufficient evidence to conclude that the defendant possessed the intent to commit a robbery either alone or in concert with another. Therefore, the first three counts of the indictment which are for murder in the second degree (intentional and felony), and robbery in the first degree are dismissed.

 The codefendant David Lou, also known as David Wang, is separately indicted under indictment number 894/91.