**In re Mickey STAHLER, Debtor.**

**FRUEHAUF TRAILER CORPORATION, Plaintiff,**

**v.**

**Mickey STAHLER, Defendant.**

**Bankruptcy No. 91-33170.**
**Adv. No. 91-3487.**

United States Bankruptcy Court, N.D. Ohio, W.D.

March 4, 1992.

Kenneth Baker and James Rogers, Toledo, Ohio, for plaintiff.

Judith Mason, Waterville, Ohio, for defendant.

OPINION AND ORDER GRANTING MOTION FOR SUMMARY JUDGMENT AND EXCEPTING DEBT FROM DISCHARGE

WALTER J. KRASNIEWSKI, Bankruptcy Judge.

This matter is before the court upon plaintiff's motion for summary judgment of its complaint to determine dischargeability of debt pursuant to 11 U.S.C. § 523(a)(4) and Debtor/defendant's response thereto. Upon consideration thereof, the court finds that said motion is well taken and should be granted and that the debt due plaintiff should be excepted from discharge.

## FACTS

On July 31, 1991, Debtor/defendant filed his voluntary petition under chapter 7 of title 11. Thereafter, on November 14, 1991, plaintiff filed a complaint to determine dischargeability of debt and for monetary judgment. Although plaintiff's complaint requests that the debt owed it be excepted from discharge pursuant to 11 U.S.C. § 523(a)(2), (4) and (6), its motion for summary judgment is premised upon § 523(a)(4), only. *See* Plaintiff's Motion for Summary Judgment at 3 n. 2. Plaintiff states that prior to the filing of defendant's petition, defendant pled guilty to, and was convicted of, grand theft by the Pike County Common Pleas Court. Defendant was ordered to make restitution to plaintiff in the amount of $25,000. To date, defendant has made one payment to plaintiff in the amount of $1,250. Defendant opposes plaintiff's motion claiming that although § 523(a)(7) specifically excepts a debt for restitution from discharge, plaintiff's motion is premised on § 523(a)(4).

## DISCUSSION

Section 523(a)(4) of title 11 excepts from discharge a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement or larceny." Plaintiff has the burden of establishing the elements of this section by a preponderance of the evidence. *Grogan v. Garner,* — U.S. —, 111 S.Ct. 654, 112 L.Ed.2d 755 (1991).

The basic elements of establishing an exception to discharge for embezzlement are "that property is acquired lawfully with the consent of the owner, the property is appropriated for the embezzler's own use, and some form of fraud or deceit is employed." *In Re Sinchak,* 109 B.R. 273, 276 (Bkrtcy.N.D.Ohio 1990). *See also In Re Johann,* 125 B.R. 679 (Bkrtcy.M.D.Fla. 1991) (embezzlement is defined as the fraudulent appropriation of property by a person to whom such property has been entrusted or into whose hands it has lawfully come (quotation omitted)); *In Re Imbody,* 104 B.R. 830, 841 (Bkrtcy.N.D.Ohio 1989) (embezzlement has been held to require two elements which must be proven: (1) that the Debtor appropriated funds for his own benefit and (2) that the Debtor did so with fraudulent intent or deceit); *In Re Valentine,* 104 B.R. 67 (Bkrtcy.S.D.Ind. 1988) (for purposes of determining dischargeability, embezzlement is defined as fraudulent, or knowing and willful, misapplication or conversion of property of another by a person to whom such property has been entrusted or into whose hands it has lawfully come).

Defendant, in answering plaintiff's complaint, admitted that he embezzled $25,000 from plaintiff. Answer to Complaint. Additionally, plaintiff's motion is supported by pleadings in the state court action reflecting that defendant pled guilty to the charge of grand theft, in violation of O.R.C. § 2913.02. Supplement to Plaintiff's Memorandum in Support of Motion for Summary Judgment. By admission, then, the court finds that defendant embezzled funds from plaintiff which represents a debt that is excepted from discharge pursuant to § 523(a)(4).

Defendant states that plaintiff's cause of action premised upon § 523(a)(4) is not well taken as defendant's debt to plaintiff arises from a restitution order. This argument is superfluous. The debt was incurred as a result of defendant's embezzlement; its character is not changed after entry of the restitution order.

Additionally, the facts in *In Re Shinew,* 33 B.R. 588 (Bkrtcy.N.D.Ohio 1983), are analogous to those of the instant case. In *Shinew,* defendant was convicted of grand theft; as part of his sentence, defendant was ordered to pay an amount in restitution. The *Shinew* court stated that

> [a]s indicated in the comments which follow [O.R.C. § 2913.02], the statute covers a number of what were previously different offenses, including embezzlement ... Therefore, a conviction under the present statute signifies that there has been a wrongful taking or property, whether by theft or embezzlement.
>
> Although a criminal conviction for grand theft does not, in and of itself, determine whether or not the resulting obligation is dischargeable, it is a fact that lends itself to such a finding.... Embezzlement is the fraudulent appropriation of property by a person to whom such property had been entrusted, or into whose hands it has lawfully come.... Since both O.R.C. § 2913.02 and 11 U.S.C. § 523(a)(4) contemplate the wrongful taking of property, an admission of conviction under the criminal statute would constitute, under the facts and circumstances of this case, an admission of nondischargeable conduct in relation to a debt for purposes of 11 U.S.C. § 523(a)(4).
>
> As a result of these admissions there are an ample number of substantiated allegations so as to hold that the defendant should not be discharged from the debts owed to these plaintiffs.

*Shinew,* 33 B.R. at 592. *See also Sinchak,* 109 B.R. at 276 (basic elements of embezzlement are present in both common law and statutory definitions); *In Re Goux,* 72 B.R. 355, 15 B.C.D. 1132 (Bkrtcy.N.D.N.Y. 1987) (creditor's motion for summary judgment was granted as court found that Debtor's obligation to creditor arose as a result of conduct constituting embezzlement under § 523(a)(4) and his prior guilty plea in the state court criminal proceeding collaterally estopped him from presenting evidence as to the debt's dischargeability). Thus, the court finds defendant's argument not well taken and that the debt due plaintiff from defendant should be excepted from discharge.

Finally, because this court finds that plaintiff is entitled to judgment under § 523(a)(4), the court, while noting that plaintiff does not seek summary judgment as to the allegations in its complaint premised upon §§ 523(a)(2) and (6), finds that disposition of these causes of action is unnecessary. In light of the foregoing, it is therefore

ORDERED that plaintiff's motion for summary judgment on its complaint is well taken and that the debt due plaintiff from defendant be, and hereby is, excepted from discharge pursuant to 11 U.S.C. § 523(a)(4).