OPINION OF THE COURT
Budd G. Goodman, J.
The defendant has moved, on the eve of trial, to dismiss count one of the indictment, charging him with grand larceny in the third degree.
The defendant’s motion to dismiss is denied.
The defendant contends that count one of the indictment (grand larceny in the third degree) must be dismissed because what was allegedly stolen by the defendant (food consumed by the defendant and his invited guests at a restaurant which was not paid for) constituted a theft of services, rather than a *678 theft of property, which is not properly prosecutable under the larceny statute, but rather, is only prosecutable under the theft of services statute. The court disagrees.
It is not uncommon for larceny and theft of services charges to overlap. (See, People v Neiss, 73 AD2d 938; People v Topino, 151 Misc 2d 764; People v McDonald, 179 Misc 2d 479, 481; People v Tansey, 156 Misc 2d 233, 242; People v Robinson, 97 Misc 2d 47.) The interpretation of the law urged by the defendant does not take into account this overlapping and also fails to take into consideration the distinction between the commodity or property itself and the service that actually supplies such commodity. As stated in People v Neiss (supra),
“By distinguishing between * * * the commodity as property, and the actual supplying of the commodity as a service, and holding that the defendant may be properly prosecuted under theories of larceny (for the actual taking of the property * * * ) and theft of services (for the wrongful receipt of the service * * * ) we are, of course, cognizant of the substantial overlap between these two types of crimes. Generally, a successful theft of services will result in a theft of the commodity. However, this overlap does not negate the conceptualization of the supplying of the commodity and all that is therein implied * * * , as a service which is separate and independent from the commodity itself. Nor does the overlap in the criminal statutes prevent prosecution under the more general larceny provisions.” (Id. at 939-940.)
In the case at bar, the defendant is alleged to have dined at a restaurant with several invited guests, with the bill for the meal approximating $20,000, which bill the defendant did not pay. The commodity stolen, which is the subject of the larceny charged in count one, is the actual food and beverages ordered and consumed by the defendant and his guests. The foregoing constitutes the theft of property that is properly prosecutable under the larceny statutes. Notwithstanding the foregoing however, the People will have to prove at trial that the value of the commodity, i.e., the food and beverages consumed by the defendant and his guests (less the value of the services relating thereto), exceeded the sum of $3,000.
The court therefore finds that alleged nonpayment by the defendant for the food and beverages consumed constitutes the *679 theft of property which may be properly prosecuted under the larceny statutes. Accordingly, the defendant’s motion to dismiss count one of the indictment is hereby denied.