■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHAUNCEY DENNIS BRAY, Appellant. — Appeal by defendant from a judgment of the County Court, Suffolk County (Tisch, J.), rendered May 6, 1982, convicting him of attempted murder in the second degree, robbery in the first degree (two counts), burglary in the first degree (two counts), and assault in the first degree (two counts), upon a jury verdict, and imposing sentence. Judgment modified, on the law, by reversing the convictions on count one of the indictment for attempted murder in the second degree and on count six of the indictment for assault in the first degree, and vacating the sentences imposed thereon, and said counts are dismissed. As so modified, judgment affirmed. On the night of February 16, 1981, two masked men entered the home of William Prescod, age 81, and his daughter Wilma, age 58. One of the men was armed with a .22 caliber rifle. The two men took $550 in cash along with bracelets, rings and watches. During the course of the burglary and robbery Mr. Prescod was repeatedly beaten and was shot once as he tried to defend his home and daughter. On May 17, 1981, defendant was arrested. He confessed that he took part in the robbery and burglary to the extent that he was the lookout. However, he denied ever entering the Prescod house and the People concede this point. In fact, when the single shot was fired by one of the two intruders, defendant ran from the scene. Defendant is correct in his contention that the convictions for attempted murder in the second degree charged in count one of the indictment and assault in the first degree charged in count six of the indictment must fall. Both these crimes require the specific intent to inflict actual harm to another person (i.e., intent to cause death or intent to cause serious physical injury). The People did not prove such intent on the part of defendant and his accomplices' intent should not be imputed to him. As the Court of Appeals noted in *People v La Belle* (18 NY2d 405, 412): "Section 2 of the Penal Law makes a principal in the crime charged any person who 'aids and abets in its commission'. It does not, however, make one a principal merely on the basis that, in retrospect, we may say that in an objective sense this person was helpful or of use to the actual perpetrator of the crime. There is a subjective element as well. As one legal scholar has pointed out, 'An aider and abettor must share the intent or purpose of the principal actor, and there can be no partnership in an act where there is no community of purpose.' (1 Burdick, The Law of Crimes, § 221, p. 297.) That intent is required for one to be held liable as a principal on the basis of his having aided and abetted the perpetrator of the crime of murder was pointed out in *People* v. *Monaco* (14 N Y 2d 43), where this court said: 'In the absence of some statutory synthesis of intention which makes out any homicide to be murder, intended or not (such as Penal Law, § 1044, subd. 2, in respect of a person engaged in felony), whether a homicide is committed "with a design to effect" death depends on adequate proof of such a design *by each person charged.*' (14 N Y 2d 43, 46; emphasis supplied.)" Since the People failed to prove that defendant had the specific intent to cause the death of Mr. Prescod or the specific intent to cause serious physical injury to him, the convictions on counts one and six of the indictment must be reversed. We have reviewed defendant's other contentions and find that they lack merit. Mollen, P. J., Titone, O'Connor and Niehoff, JJ., concur.