■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v CARMELA LETIZIA, Respondent.—Order modified, on the law, and as modified, affirmed, in accordance with the following memorandum: The People appeal from the dismissal of an indictment charging the defendant with criminal facilitation in the second degree and as an accessory to felony murder, attempted robbery, criminal possession of a weapon and criminal use of a firearm.

Viewing the evidence in a light most favorable to the People *(People v Lancaster,* 114 AD2d 92, 95), the record before the Grand Jury reveals that defendant, knowing that her husband and two of his friends were planning to rob someone of cocaine, cut her stockings for use as masks and gave gloves to her husband. The next evening the masks and gloves were used in a robbery attempt, and a young woman was shot and killed. Competent evidence was presented constituting prima facie proof that defendant, believing it probable that other persons intended to commit a crime, engaged in conduct which provided a means to commit a crime and which in fact aided the principal actors to commit a felony. Since this evidence constitutes prima facie proof of every element of criminal facilitation in the second degree, or a lesser included offense, the court erred by dismissing the criminal facilitation count (CPL 70.10 [1]; 190.65 [1]; *People v Deitsch,* 97 AD2d 327, 329).

The court's dismissal of the remaining counts predicated upon defendant's accessorial conduct was proper. Although she knowingly provided a means for the commission of a robbery, there is no proof that she shared the intent of the principal actors in the sense that she, herself, intended to commit the robbery or related crimes, or that she was to profit therefrom or had any interest in their success or failure *(see,* Hechtman, Practice Commentaries, McKinney's Cons Laws of NY, Book 39, Penal Law § 20.00, p 44). Under these circumstances, the defendant cannot be criminally liable as an accessory (Penal Law § 20.00; *see also, People v Bray,* 99 AD2d 470; *People v Thomas,* 66 AD2d 1001; 31 NY Jur 2d, Criminal Law §§ 177, 178).

Accordingly, the order is modified by denying the motion to dismiss the criminal facilitation count of the indictment and the indictment is, to that extent, reinstated.

All concur, except Boomer, J., who dissents in part and votes to reverse and reinstate the indictment in the following memorandum.

Boomer, J. (dissenting). I disagree with the majority that "there is no proof that [defendant] shared the intent of the principal actors". Since intent is the operation of a person's mind, it can rarely be proved by direct evidence. Intent may be inferred, however, from the acts and conduct of the defendant before the crime. Here, knowing that her husband and two of his friends were planning an armed robbery, defendant willingly aided them in the commission of the robbery by providing them with masks and gloves.

Contrary to the statement of the majority, there is no requirement that an accessory, herself, intend to commit the crime or profit therefrom. Accessorial liability requires only that the defendant knowingly aid another in the commission of the crime with the intent that the crime be committed. A showing of benefit or stake in the outcome strengthens the inference that the aider intended that the crime be committed, but such a showing is not necessary to prove intent. Moreover, it could be inferred that defendant expected to benefit from her husband's share of the proceeds of the crime.

The evidence before the Grand Jury need not prove defendant's guilt beyond a reasonable doubt, but need only establish a prima facie case. The evidence before the Grand Jury was sufficient to prove a prima facie case of accessorial liability based upon the inference of intent drawn from defendant's acts in light of the knowledge she had of the planned crime *(see, People v Beaudet,* 32 NY2d 371, 375; *see also, Matter of Anthony M.,* 63 NY2d 270, 282).

Accordingly, the order should be reversed and the indictment reinstated. (Appeal from order of Supreme Court, Erie County, Francis, J.—dismiss indictment.) Present—Callahan, J. P., Boomer, Balio and Lawton, JJ.