■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY DEANDRESSI, Also Known as HARRY HUBBARD, Ap-

pellant.—Appeal by the defendant from a judgment of the Supreme Court, Suffolk County (McInerney, J.), rendered June 13, 1986, convicting him of criminal sale of a controlled substance in the first degree and criminal possession of a controlled substance in the first degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

On this appeal, the defendant claims, *inter alia,* that the prosecution failed to adduce legally sufficient evidence as to the weight of the cocaine seized and failed to establish that he ever had possession of the cocaine. Viewing the evidence in the light most favorable to the prosecution *(see, People v Contes,* 60 NY2d 620), we find it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt as to both counts. The prosecution presented, albeit on redirect examination, expert testimony that the cocaine in question weighed 17.4 ounces, well in excess of the minimum statutory requirements *(see,* Penal Law § 220.43 [1]; *see also, People v George,* 67 NY2d 817, 819). The scope of redirect examination is a matter left to the sound discretion of the trial court *(see, People v Melendez,* 55 NY2d 445). Under the circumstances of this case, admission of the testimony concerning the weight of the cocaine was not an improvident exercise of discretion *(cf., People v Coles,* 47 AD2d 905, 906). The issue of the reliability of the expert testimony was properly submitted for the jury's determination, which we decline to disturb.

Similarly, there was legally sufficient evidence to enable the jury to conclude that the defendant, acting with an accomplice, possessed the controlled substance. The prosecution presented testimony showing that the defendant orchestrated and profited substantially from the illegal transaction. The issue of accessorial liability was properly submitted to the jury, and we perceive no basis for disturbing the verdict *(see, People v Handford,* 40 AD2d 529).

The sentence imposed upon the defendant was not excessive *(see, People v Suitte,* 90 AD2d 80).

We have examined the defendant's remaining contentions and find them to be without merit. Brown, J. P., Lawrence, Kooper and Spatt, JJ., concur.