THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PINNIE BENDROSS, Appellant.

Fourth Department, December 20, 1989

---

### APPEARANCES OF COUNSEL

*Edward J. Nowak (Yolanda Uilla* of counsel), for appellant.

*Howard R. Relin, District Attorney (Wendy Lehmann* of counsel), for respondent.

**OPINION OF THE COURT**

DILLON, P. J.

Defendant was charged with burglary in the second degree (Penal Law § 140.25 [2]) on a theory of accessorial conduct (see, Penal Law § 20.00). He was also charged in the same indictment with petit larceny. His plea of guilty to the burglary count was entered in satisfaction of the indictment and of other pending and potential charges.

The sole issue raised on appeal is the sufficiency of the plea allocution, during which defendant pointedly asserted that he did not know or intend that his codefendant would commit burglary. He acknowledged during the colloquy that he drove the codefendant to a residential area for the purpose of stealing bicycles; that he and the codefendant had agreed that the bicycles would be stolen "from the front yard * * * if they were laying out"; that the codefendant "was going to steal bicycles from the area around people's homes" but that the agreement did not anticipate "going in nobody's house" or "burglarizing or going into anything"; that after dropping his codefendant "off on the side of the road", he drove the car "about 100 yards" to where "the car wouldn't be seen" and where he was to "wait for [the codefendant] to get the bike"; and that he didn't see the codefendant "do anything" until "he came past me riding a bike". Thereafter the following further colloquy occurred between the prosecutor and the defendant:

"MR. MAZZULLO: And you know that the proof in this case will be that Mr. London [codefendant], along with your help, the help you provided him, the evidence would be that he went into someone's enclosed garage and took the bicycle out of the garage. Do you understand that?

"DEFENDANT BENDROSS: Yes.

"MR. MAZZULLO: And you are pleading this morning that that's what the proof would be and under the law it's a burglary, do you understand that?

"DEFENDANT BENDROSS: Now I does, yes."

From the foregoing, it is clear that defendant's assertions negated essential elements of the crime of burglary. It further appears that he was led to believe that, even if his assertions were true, he was guilty of burglary because of the "help" he gave the codefendant. Defendant's answers and the District Attorney's erroneous advice should have alerted the court to the problem. Before accepting the plea, the court was under a

duty to make further inquiry to ensure that defendant understood the nature of the charge and that the plea would be intelligently entered *(see, People v Lopez,* 71 NY2d 662, 666; *People v Beasley,* 25 NY2d 483, 487-488). The court failed to do so, and thus defendant may challenge the sufficiency of the allocution on direct appeal *(see, People v Lopez, supra; People v Sobczak,* 105 AD2d 1053).

A burglary is committed when one "knowingly enters * * * a building with intent to commit a crime therein" (Penal Law § 140.25). Penal Law § 20.00 provides: "When one person engages in conduct which constitutes an offense, another person is criminally liable for such conduct when, *acting with the mental culpability required for the commission thereof,* he * * * intentionally aids such person to engage in such conduct." (Emphasis added.) Defendant's liability was dependent upon proof that he shared the codefendant's mental culpability *(see, People v La Belle,* 18 NY2d 405, 412; *People v Letizia,* 122 AD2d 555, *lv denied* 68 NY2d 814; *People v Bray,* 99 AD2d 470). It was thus essential to show that defendant knew that the codefendant would enter a building with the intention of committing a crime therein. In the plea colloquy, defendant specifically denied, and thus negated, the necessary elements of knowledge and intent. Since the court failed to make further inquiry to demonstrate an acceptable basis for entry of the plea, it must be vacated *(see, People v Beasley, supra).*

Accordingly, the judgment should be reversed, defendant's plea vacated and defendant should be remanded to Monroe County Court for further proceedings on the indictment.

CALLAHAN, DENMAN, LAWTON and DAVIS, JJ., concur.

Judgment unanimously reversed, on the law, plea vacated and defendant remanded to Monroe County Court for further proceedings on the indictment.