■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JESSE SMALLWOOD, Appellant.—Judgment unanimously modified on the law and as modified affirmed, in accordance with the following memorandum: There is no merit to defendant's contention that, because he denied an intent to inflict serious physical injury during his plea allocution, the court erred by

accepting his guilty plea to the charge of assault in the first degree. An intent to inflict serious physical injury was readily inferable from defendant's admissions concerning the beating of his wife (see, People v McGowen, 42 NY2d 905, rearg denied 42 NY2d 1015; People v Lopez, 127 AD2d 234, affd 71 NY2d 662). Although defendant stated that his wife struck him first, he admitted that he took the ashtray from her and struck her at least three times, causing severe injuries. Defendant's recitation of the events negates a defense of justification or intoxication, and the court was not obliged to expand upon the inquiry conducted by the prosecutor (see, People v Smith, 148 AD2d 980, lv denied 74 NY2d 747; People v Bruno, 147 AD2d 490).

The People concede that the count alleging assault in the second degree was an inclusory concurrent count and that defendant's conviction for that charge should be reversed (see, CPL 300.40 [3] [b]; People v Allen, 147 AD2d 352, lv denied 73 NY2d 1010). Accordingly, we modify the judgment to reverse that conviction and to dismiss the second count of the indictment.

All concur, except Doerr, J. P., and Denman, J., who dissent and vote to reverse the judgment, vacate the plea and reinstate the indictment, in the following memorandum.

Doerr, J. P., and Denman, J. (dissenting). Contrary to the view of the majority, we believe that the plea proceedings were glaringly flawed and that the judgment should be reversed and the matter remitted for further proceedings on the indictment.

Defendant was indicted for assault in the first degree and assault in the second degree based on a beating he administered to his wife when he found her in bed with another man. We note that defendant pleaded to both counts of the indictment and thus fared no better than if he had been found guilty after trial. At the outset of the plea proceedings, defense counsel indicated to the court that defendant had great difficulty in making the decision to enter the plea. In spite of that, the court informed defendant that he either had to accept the plea offer "today" or go to trial. The Assistant District Attorney took over the plea colloquy and attempted to elicit defendant's admission that he had intended to inflict physical injury on his wife. Defendant indicated that his wife struck him with the metal ashtray first and that he struck her only in retaliation. In response to the prosecutor's questions, defendant repeatedly denied that he had intended to cause

physical injury to his wife. In addition, he informed the court that he was intoxicated and blacked out at one point during the scuffle.

When defendant specifically negated an essential element of the crime, it was incumbent upon the court to make further inquiry to assure that there was an acceptable basis for entry of the plea *(see, People v Bendross,* 153 AD2d 75, 77, and cases cited therein). It was also incumbent on the court to advise defendant that his intoxication might serve to negate the element of intent *(see, People v Zeth,* 148 AD2d 960, 961; *People v Tomaino,* 134 AD2d 859). (Appeal from judgment of Ontario County Court, Reed, J.—assault, first degree.) Present —Doerr, J. P., Denman, Balio, Lawton, and Lowery, JJ.