■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDRES BAUTISTA, Appellant.—Judgment unanimously affirmed. Memorandum: The court properly denied defendant's motion to suppress cocaine seized from defendant because the investigating officer saw the cocaine in plain view, from a public sidewalk, as defendant was passing it to a passenger in the vehicle in which defendant was seated *(see, People v Saglimbeni,* 95 AD2d 141, 143). (Appeal from Judgment of Supreme Court, Monroe County, Mark, J.—Criminal Possession Controlled Substance, 2nd Degree.) Present—Callahan, A. P. J., Denman, Green, Pine and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY W. PRATT, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was charged in an indictment with murder in the second degree (Penal Law § 125.25 [1]) and manslaughter in the first degree (Penal Law § 125.20 [1]). Following extensive plea negotiations, defendant pled guilty to manslaughter in the first degree in full satisfaction of the indictment with a sentence promise as a second felony offender, of 10 to 20 years incarceration. The plea minutes demonstrate that the trial court, when confronted with statements by defendant during the plea allocution that raised a possible justification defense, conducted sufficient additional inquiry to ensure that defendant's guilty plea was knowing and voluntary "and that there was no viable justification defense" *(People v Lopez,* 71 NY2d 662, 667; *see also, People v Francis,* 38 NY2d 150, 153; *People v Serrano,* 15 NY2d 304, 310; *People v Bendross,* 153 AD2d 75). (Appeal from Judgment of Supreme Court, Monroe County, Bergin, J.—Manslaughter, 1st Degree.) Present—Callahan, A. P. J., Denman, Green, Pine and Davis, JJ.