■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAIME LOPEZ, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Broomer, J.), rendered August 2, 1988, convicting him of criminal sale of a controlled substance in the third degree (two counts), and criminal possession of a controlled substance in the third degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The People's evidence demonstrated that on November 4, 1987, at approximately 5:00 P.M., an undercover officer approached the defendant and the codefendant Luis Rivera who were standing next to a dumpster and asked for $40 worth of cocaine. The undercover officer gave the prerecorded money to the defendant and was given two packets of cocaine by the codefendant Luis Rivera, who had retrieved the packets from a brown paper bag underneath the dumpster. A few minutes later, a second undercover officer conducted a similar transaction, giving the prerecorded money to the defendant and

receiving a packet of cocaine from Rivera. Upon the defendant's arrest, the arresting officers recovered the brown paper bag from the ground and the prerecorded money from Rivera's pocket. Viewing the evidence in the light most favorable to the prosecution (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt of the crimes of criminal sale of a controlled substance in the third degree (two counts) and criminal possession of a controlled substance in the third degree beyond a reasonable doubt (see, People v DeAndressi, 146 AD2d 642; People v Payne, 135 AD2d 746; People v Diaz, 112 AD2d 311). Moreover, upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (see, CPL 470.15 [5]).

The defendant further argues that the trial court's participation in the questioning of witnesses for the People deprived him of a fair trial. We disagree. It must be noted that this issue has not been preserved for appellate review (see, People v Charleston, 56 NY2d 886). In any event, a review of the record indicates that the trial court's questioning only served "to clarify testimony and * * * facilitate the progress of the trial" (People v Yut Wai Tom, 53 NY2d 44, 55).

We have reviewed the defendant's remaining contentions and find them to be either unpreserved for appellate review (see, CPL 470.05 [2]) or without merit (see, People v Brathwaite, 63 NY2d 839; People v Danny G., 61 NY2d 169, 174). Mangano, P. J., Kunzeman, Miller and Copertino, JJ., concur.