■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SAMUEL DUNWOODY, Appellant. [609 NYS2d 490] —Judgment unanimously affirmed. Memorandum: Defendant was convicted of two counts of criminal possession of a controlled substance in the third degree and one count of criminal use of drug paraphernalia in the second degree. He contends that the evidence was not sufficient to corroborate the testimony of the accomplices. We disagree. Defendant was seen by police officers throwing items from a window. Those items were retrieved by police immediately and contained cocaine. Defendant also was seen by police officers in the same room with 14 bags of cocaine and several bottles of dilutant. That evidence connected defendant with the crimes "in such a way that the jury may be reasonably satisfied that the accomplice is telling the truth" (People v Daniels, 37 NY2d 624, 630). Defendant also contends that the evidence was insufficient to convict him of criminal possession of a controlled substance in the third degree. There was testimony from the police chemist, however, that the total weight of the bags seized from inside the apartment and the bags thrown from the window was greater than the amount prescribed by statute.

Defendant's sentence is not harsh or excessive. The other contentions raised by defendant have not been preserved for review (see, CPL 470.05 [2]) and we decline to review them in the interest of justice. (Appeal from Judgment of Supreme Court, Erie County, Forma, J.—Criminal Possession Controlled Substance, 3rd Degree.) Present—Denman, P. J., Pine, Fallon, Callahan and Davis, JJ.