■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES COUSINS, Appellant. [634 NYS2d 583] —Judgment unanimously modified on the law and as modified affirmed in accordance with the following Memorandum: Defendant contends that the evidence was legally insufficient to sustain his conviction of burglary in the second degree (two counts), burglary in the third degree and criminal possession of stolen property in the fifth degree (three counts). The evidence, viewed in the light most favorable to the People (see, People v Kennedy, 47 NY2d 196, 203), shows that, during the evening of August 25, 1993 and the early morning of August 26, 1993, defendant and codefendants, Baskerville, Knibbs and Piccillo, went out to steal tools and other property from sheds, garages and vehicles for the benefit of the group. The four drove to a poorly lighted section of Winona Drive in Elma, New York, where defendant directed them to stop. The evidence shows that defendant and two of the codefendants had on at least three previous occasions gone out "shedding," i.e., stealing tools and other small items from sheds, garages and vehicles for resale. Defendant and Baskerville left the car to go "shedding," and directed Piccillo and Knibbs to remain in the vehicle.

Defendant and Baskerville went to a nearby garage, where Baskerville removed tools. Baskerville also removed tools from the utility box of a nearby pick-up truck. Those items were placed in a pile in the street. Piccillo drove the vehicle up to the pile and the items were placed in the trunk of the car in defendant's presence. While defendant and Baskerville were "shedding," Knibbs became bored, left the vehicle and proceeded to break into a nearby house. While inside the house, Knibbs was confronted by the homeowner; she fled to the car with a number of items from the house. She instructed Piccillo to move the car and then proceeded to the rear of another house, where she met defendant.

Knibbs entered that house through a kitchen window by burning a hole in the window screen. When she had difficulty opening a sliding glass door, defendant advised her to remove the board between the tracks in the door. After removing the

board, Knibbs opened the sliding glass door and defendant entered the residence. When an occupant of the house turned on the lights, defendant immediately fled to the car. When confronted by the occupant, Knibbs advised her that she was looking for someone else and then fled to the car. Knibbs stole a wind chime from the kitchen.

After all four were in the car, defendant instructed Piccillo to drive away with the headlights off. A police officer observed the vehicle moments later driving away from the scene of the burglaries with its headlights off. The officer observed in the car property stolen from the garage, the truck and the two houses. Knibbs was identified by the homeowners as the individual they observed inside their homes.

That evidence is legally sufficient to establish the accessorial liability of defendant and sustain his conviction of criminal possession of stolen property in the fifth degree and burglary in the third degree. It is also sufficient to sustain defendant's conviction of burglary in the second degree under count three of the indictment. Defendant assisted Knibbs in the burglary of that home by advising her how to open the sliding glass door and by entering the home. The jury could infer therefrom that defendant knowingly aided Knibbs in the commission of the burglary with the intent that a larceny be committed *(see generally, People v Keitt,* 42 NY2d 926; *People v Coll,* 157 AD2d 502, *lv denied* 76 NY2d 732; *People v Mercado,* 114 AD2d 377). We further conclude that defendant's conviction of burglary in the second degree under count three of the indictment, burglary in the third degree and criminal possession of stolen property are not against the weight of the evidence.

We agree with defendant, however, that his conviction of burglary in the second degree under count one of the indictment is not supported by legally sufficient evidence. There is no evidence that defendant knew that Knibbs would leave the car and enter a residence with the intention of committing a crime therein. Indeed, the record shows that Knibbs had been directed to stay in the car. Because the proof is insufficient to establish that defendant shared Knibbs' mental culpability *(see,* Penal Law § 20.00), we reverse his conviction of burglary in the second degree under count one of the indictment, vacate the sentence imposed thereon and dismiss that count of the indictment *(see generally, People v Bendross,* 153 AD2d 75, 77; *see also, People v La Belle,* 18 NY2d 405, 412; *People v Bray,* 99 AD2d 470).

Defendant also contends that his conviction must be reversed because the accomplice testimony was not adequately cor-

roborated. We disagree. CPL 60.22 (1) provides that "[a] defendant may not be convicted of any offense upon the testimony of an accomplice unsupported by corroborative evidence tending to connect the defendant with the commission of such offense". Corroborative evidence need not establish all the elements of the offense *(People v Hudson,* 51 NY2d 233, 238). Rather, that evidence is sufficient so long as it "connect[s] the defendant with the crime in such a way that the jury may be reasonably satisfied that the accomplice is telling the truth" *(People v Daniels,* 37 NY2d 624, 630). Here, the corroboration requirement was met by the testimony of the police officer that he observed defendant and the three codefendants driving away from the scene of the burglaries in the middle of the night with the vehicle's headlights off. Additionally, items stolen from the houses, garage and truck were discovered in the vehicle, and one of the codefendants was identified by the occupants of the houses as the individual they observed inside their homes. That evidence sufficiently connected defendant with the crimes to satisfy the corroboration requirement of CPL 60.22 (1) *(see generally, People v Dunwoody,* 202 AD2d 977, *lv denied* 83 NY2d 910; *People v Goldfeld,* 60 AD2d 1, 6).

We have reviewed the remaining contentions of defendant and conclude that they are without merit. (Appeal from Judgment of Supreme Court, Erie County, Forma, J.—Burglary, 2nd Degree.) Present—Denman, P. J., Lawton, Fallon, Balio and Boehm, JJ.