■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FRANK JULIAN, Appellant. [666 NYS2d 72] —Judgment unanimously affirmed. Memorandum: Defendant was convicted following a jury trial of burglary in the third degree (Penal Law § 140.20), criminal mischief in the third degree (Penal Law

§ 145.05) and grand larceny in the fourth degree (Penal Law § 155.30 [1]). The conviction arises from a break-in at a seafood store in the Town of Murray and the theft of a quantity of food items therefrom. At trial, codefendant and a woman who drove with defendant and codefendant to the store testified for the People. County Court charged the jury that codefendant and the woman were accomplices as a matter of law. An independent witness who observed the break-in testified and gave a description of a truck that was parked in the store lot. A deputy sheriff testified that, shortly after the break-in, he observed defendant and the accomplices standing next to a pickup truck matching the description given by the witness; food items were in plain view in the back of the truck. That evidence sufficiently connected defendant with the crimes to satisfy the corroboration requirement of CPL 60.22 (1) (*see, People v Cousins,* 221 AD2d 923, 925, *lv denied* 87 NY2d 1018, 88 NY2d 965).

There is no merit to the contention that defendant was denied effective assistance of counsel (*see, People v Baldi,* 54 NY2d 137, 147). " '[A] simple disagreement with strategies, tactics or the scope of possible cross-examination, weighed long after the trial, does not suffice' to satisfy defendant's burden of establishing ineffective assistance of counsel" (*People v Brandon,* 237 AD2d 980, quoting *People v Flores,* 84 NY2d 184, 187). (Appeal from Judgment of Orleans County Court, Punch, J.—Burglary, 3rd Degree.) Present—Green, J. P., Pine, Wisner, Callahan and Fallon, JJ.