■ The People of the State of New York, Respondent, v Adele Mendoza, Appellant. [773 NYS2d 152]—

Mugglin, J. Appeal from a judgment of the County Court of Sullivan County (LaBuda, J.), rendered December 4, 2000, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and criminal use of drug paraphernalia in the second degree.

The police in the Village of Monticello, Sullivan County, executed a search warrant at defendant's apartment where they secured two rolls of aluminum foil, not in boxes, square pieces of aluminum foil, razor blades from a kitchen drawer and $973 in cash. The subsequent search of defendant's person at the police station revealed 82 aluminum foil packets of cocaine concealed in her sweatpants. Following the denial of her motion to suppress all physical evidence, defendant's jury trial resulted in convictions for criminal possession of a controlled substance in the third degree, criminal possession of a controlled substance in the fourth degree and criminal use of drug paraphernalia in the second degree. She was thereafter sentenced to concurrent

prison terms of 6 to 18 years for the third degree criminal possession conviction, 2 to 6 years for the fourth degree criminal possession conviction and one year for the criminal use conviction. Defendant appeals.

Defendant attacks County Court's suppression ruling on three discrete grounds. First, defendant asserts that the magistrate failed to comply with CPL 690.40 (1) by failing to adequately record or summarize the testimony of the confidential informant, thereby precluding any meaningful appellate review. Second, defendant maintains that the evidence presented to the issuing magistrate was insufficient to establish probable cause for the issuance of the search warrant. Third, defendant asserts that her due process rights were infringed as a result of the People's failure to disclose the criminal history of the confidential informant, a cooperation agreement between the confidential informant and the prosecution and copies of the tape recordings of three controlled drug purchases by the confidential informant from defendant. We disagree with all three contentions.

It is well settled that in order to meet the strictures of CPL 690.40 (1), substantial, rather than literal, compliance is required (*see People v Taylor*, 73 NY2d 683, 688 [1989]). Here, the issuing magistrate was presented with a search warrant application consisting of a sworn affidavit from the investigating officer, a search and seizure inventory form and a proposed search warrant. In addition, the magistrate took sworn testimony from the presenting police officer and the confidential informant and made notes summarizing the essential points of the testimony. These notes are adequate to substantially comply with the requirements of CPL 690.40 (1) and permit meaningful appellate review.

Defendant's second argument is that the affidavit of the investigating officer provides no facts from which the magistrate could judge the credibility or reliability of the confidential informant as required under *Aguilar-Spinelli* (*see Spinelli v United States*, 393 US 410 [1969]; *Aguilar v Texas*, 378 US 108 [1964]). This argument is misplaced because the *Aguilar-Spinelli* test is inapplicable where the issuing magistrate has the opportunity to personally judge the credibility and reliability of the confidential informant through the sworn testimony (*see People v Walker*, 244 AD2d 796, 797 [1997]; *People v David*, 234 AD2d 787, 787-788 [1996], *lv denied* 89 NY2d 1034 [1997]). In any event, the affidavit of the investigating officer, which describes the three controlled buys made by the confidential informant from defendant, corroborates the confidential

informant's sworn testimony, thereby establishing the existence of probable cause to believe that the controlled substances would be found on defendant or in her home (*see People v Alston*, 1 AD3d 627, 628-629 [2003]; *People v Tarver*, 292 AD2d 110, 115-116 [2002], *lv denied* 98 NY2d 702 [2002]; *People v Young [Supreme]*, 249 AD2d 576, 579 [1998], *lvs denied* 92 NY2d 906, 908 [1998]).

Turning to defendant's claimed deprivation of due process rights as a result of nondisclosure, we note that while the identified nondisclosed material does have a direct bearing on the credibility of the confidential informant, the confidential informant did not testify at the suppression hearing. Thus, the nondisclosure could have no effect on the ultimate suppression determination, so the failure to disclose the information does not impact defendant's due process rights (*see People v Geaslen*, 54 NY2d 510, 516 [1981]). Moreover, since disclosure of the requested information could conceivably lead to identification of the confidential informant, disclosure is not generally required (*see People v Edwards*, 95 NY2d 486, 492 [2000]).

Next, defendant points to the failure of the People to establish the accuracy of the scales used in weighing the cocaine as requiring reversal. The forensic scientist presented by the People testified that the 82 foil packets recovered from defendant's person each contained cocaine and had a total weight of 11.5657 grams. Although no evidence regarding the accuracy of the scales used to weigh the cocaine was presented, since the total weight far exceeded the one-eighth ounce needed to satisfy the weight element of criminal possession of a controlled substance in the fourth degree,* the jury could appropriately conclude that the weight requirement was satisfied beyond a reasonable doubt (*see People v Bradley*, 272 AD2d 635, 637 [2000]; *People v Dunwoody*, 202 AD2d 977, 977 [1994]; *People v DeAndressi [Hubbard]*, 146 AD2d 642, 643 [1989], *lvs denied* 73 NY2d 1013, 1016 [1989]; *People v Christofora*, 43 AD2d 766, 767 [1973], *cert denied* 419 US 867 [1974]).

Lastly, we find unpersuasive defendant's argument that her conviction for criminal possession of a controlled substance in the third degree should be reversed as the result of the admission of evidence concerning her lifestyle. The record overwhelmingly contains legally sufficient evidence of defendant's intent to sell cocaine in view of the three controlled buys, the 82 foil packets of cocaine, the discovery of other items commonly associated with drug trafficking and the sizable quantity of cash

---

* According to the forensic scientist, 3.54 grams equals one eighth of an ounce.

in denominations typical of a drug dealer (*see People v Cooper*, 303 AD2d 776, 779 [2003], *lv denied* 100 NY2d 560 [2003]; *People v Green*, 270 AD2d 566, 568 [2000], *lv denied* 95 NY2d 853 [2000]). Under the circumstances, even were we to agree with defendant, the error would be harmless (*see People v Crimmins*, 36 NY2d 230 [1975]). Nevertheless, we reject defendant's argument that the "lifestyle" evidence is either not relevant or, alternatively, that its probative value is substantially outweighed by its prejudice to defendant. Once defendant undertook an explanation of the source of the cash, the People were properly allowed to test the explanation on cross-examination, the questions directly impacting the issues of defendant's credibility and her intent to sell drugs. Since the extent and degree to which the door has been opened with respect to a particular line of questioning is approached on a case-by-case basis (*see People v Melendez*, 55 NY2d 445, 452 [1982]), we find no abuse of discretion on the part of County Court under these circumstances. Moreover, we reject defendant's assertion that the probative value was significantly outweighed by the prejudicial effect since we conclude that County Court made an appropriate ruling in view of defendant's attempt to explain the presence of the large sum of cash.

Mercure, J.P., Spain, Carpinello and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.