■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ISRAEL MIRANDA, Appellant. [909 NYS2d 236]—

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered April 23, 2004. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the third degree and criminal possession of a weapon in the fourth degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of criminal possession of a weapon in the third degree (Penal Law § 265.02 [former (4)]) and criminal possession of a weapon in the fourth degree (§ 265.01 [1]). Contrary to defendant's contention, the evidence is legally sufficient to support the conviction of criminal possession of a weapon in the third degree (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). Even assuming, arguendo, that the evidence presented by the People was insufficient to establish that the possession by defendant of the loaded firearm did not take place at his home or place of business, defendant's own testimony was sufficient to do so (*see* Penal Law§ 265.02 [former (4)]). "[A] defendant who does not rest after the court [denies] a motion [for a trial order of dismissal] at the close of the People's case[ ] proceeds with the risk that he [or she] will inadvertently supply a deficiency in the People's case" (*People v Kirkpatrick*, 32 NY2d 17, 21 [1973], *appeal dismissed* 414 US 948 [1973]; *see People v Lemma*, 273 AD2d 180 [2000], *lv denied* 95 NY2d 906 [2000], 96 NY2d 736 [2001]; *People v Bertino*, 93 AD2d 972 [1983]).

We reject defendant's further contention that County Court erred in allowing the People to cross-examine defendant with respect to a photograph of a tattoo on his arm showing a hand holding a smoking gun. That evidence was relevant with respect to defendant's credibility, particularly the testimony of defendant that he was not familiar with guns before purchasing one for his protection shortly before the crimes occurred (*see People v Morgan*, 24 AD3d 950, 952-953 [2005], *lv denied* 6 NY3d 815 [2006]; *see also People v Mendoza*, 5 AD3d 810, 813-814 [2004], *lv denied* 3 NY3d 644 [2004]). The probative value of that evidence outweighed its potential for prejudice to defendant (*see People v Herr*, 203 AD2d 927, 928 [1994], *affd* 86 NY2d 638 [1995]; *cf. Morgan*, 24 AD3d at 953). In any event, any error with respect to the People's cross-examination of defendant concerning his tattoo is harmless inasmuch as the evidence of defendant's guilt is overwhelming, and there is no significant probability that defendant would have been acquitted but for the People's questions concerning his tattoo (*see Morgan*, 24 AD3d at 953-954; *see also People v Buonincontri*, 18 AD3d 569 [2005], *affd* 6 NY3d 726 [2005]; *Mendoza*, 5 AD3d at 813-814; *see generally People v Crimmins*, 36 NY2d 230, 241-242 [1975]). Finally, the sentence is not unduly harsh or severe. Present—Centra, J.P., Peradotto, Carni, Lindley and Sconiers, JJ.