■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v MILTON SLAUGHTER, Respondent. — Appeal by the People from so much of an order of the Supreme Court, Kings County (Donnelly, J.), dated March 17, 1980, as granted defendant's motion, made pursuant to CPL 330.30, to set aside a jury verdict finding him guilty of murder in the second degree and criminal possession of a weapon in the second degree, and dismissed the indictment against him. Order affirmed insofar as appealed from. The defendant was convicted, after a jury trial, of murder in the second degree and criminal possession of a weapon in the second degree. Criminal Term set aside the verdict and dismissed the indictment (CPL 330.30). The case against the defendant was entirely circumstantial. The question is whether the finding of guilt is consistent with, and flows naturally from, the proof. The test, additionally, is whether the facts as a whole "exclude 'to a moral certainty' every reasonable hypothesis of innocence" *(People v Benzinger,* 36 NY2d 29, 32; see, also, *People v Cleague,* 22 NY2d 363, 367; *People v Suffern,* 267 NY 115, 127; *People v Burdick,* 66 AD2d 459). Thus, the test insures that the jury does not "leap logical gaps in the proof offered and draw unwarranted conclusions based on probabilities of low degree" *(People v Benzinger, supra,* p 32). The case against the defendant fails in the light of this test. The death of the victim occurred as the result of wounds inflicted by a shotgun blast outside a "disco". One Samuel Wysinger was apparently the person who fired the shotgun. The defendant was portrayed as

Wysinger's accomplice. But the proof, under these circumstances, must establish that the defendant formed a design to kill the victim *(People v Monaco,* 14 NY2d 43, 45). There is nothing in the record to show, save that the defendant was in the company of Wysinger prior to the deed, that the defendant participated in the homicide. Flight of the defendant afterwards is equivocal; it is not inconsistent with innocence. Nor is the evidence that Wysinger had a motive to kill the victim, or that the defendant may have been carrying a revolver as he fled, enough to show that the defendant had intended to kill. Accordingly, we find the proof insufficient to prove the defendant's guilt of murder in the second degree. As to the possession of a weapon, the evidence did not support a finding beyond a reasonable doubt that the defendant had possessed a gun. We therefore affirm. Hopkins, Titone and Lazer, JJ., concur.

Thompson, J., dissents and votes to reverse the order, reinstate the jury verdict and remand to Criminal Term for sentencing, with the following memorandum, in which Mollen, P.J., concurs. Although the prosecution adduced only circumstantial evidence, that evidence, when viewed in its most favorable light, establishes the defendant's guilt beyond a reasonable doubt (see *People v Benzinger,* 36 NY2d 29). The record showed that defendant and his codefendant Samuel Wysinger were close friends and that there was serious animosity between Wysinger and the victim Trevor Thompson, who was shot to death by a shotgun blast fired at his neck from a distance of two feet. The evidence also established that the defendant, Wysinger and an unidentified third man were in the immediate vicinity of the shooting just before the blast was fired. Wysinger was carrying a black bag with a strap or handle; the three men were walking toward the scene. Shortly after being so observed, witnesses heard the shotgun blast closely followed by a pistol shot. Immediately after the sound of the shots, two witnesses saw the defendant, wielding a revolver, run one block north and one block east from the scene. Codefendant Wysinger was seen (with an unidentified person) running one block east from the scene, then turning north where the two were joined by a man running in the direction of the defendant's flight. During his flight, Wysinger fired several shotgun blasts at Thompson's friends who were in pursuit but who were outrun by the three fleeing men. Later Wysinger telephoned a witness and explained the reason for his shooting Thompson. In his defense, the defendant produced a witness who testified that the defendant and Wysinger had been with him about one-half block from the scene when the shots were heard and that both the defendant and Wysinger ran together after the shooting when others were running also. Upon the total record, it is my view that the requisite quantum of circumstantial evidence supports the jury's verdict. "[C]ommon human experience would lead a reasonable man, putting his mind to it, to *** accept the inferences asserted for the established facts" *(People v Wachowicz,* 22 NY2d 369, 372) and find the defendant guilty of murder in the second degree and criminal possession of a weapon in the second degree (Penal Law, §§ 125.25, 265.03, 20.00; see, also, *People v Lagana,* 36 NY2d 71; *People v La Bruna,* 66 AD2d 300). The People's evidence places the defendant very close to the scene, then walking toward the scene, immediately before the shots were fired and fleeing immediately after with a gun in his hand. That evidence also shows the close relationship between him and the prime actor whose motives to commit the murder were strong. The evidence strongly leads to the conclusion that both defendants fired shots and that they were acting together. The possibility that the jury could have reached a different conclusion does not require the verdict to be set aside. The jury could and did resolve questions of credibility on disputed testimony. When issues depend upon circumstantial evidence, "'[a] choice between competing inferences, as a choice between competing facts, is available to the trier of facts so

long as the one arrived at is found beyond a reasonable doubt'" *(People v Pena,* 50 NY2d 400, 409; *People v Castillo,* 47 NY2d 270, 277). It was an improper invasion of the jury's province for the court to resolve questions of credibility upon the defendant's motion to set aside the verdict (see *People v Dorta,* 56 AD2d 607).