OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 The Appellate Division correctly determined that the proof was insufficient to sustain the conviction of second degree murder and possession of a sawed-off shotgun. The evidence at trial showed that Trevor Thompson was shot in the neck with a sawed-off shotgun wielded by Samuel Wysinger, who had an ongoing, violent dispute with Thompson. Defendant-respondent Milton Slaughter was a close friend of Wysinger.
 

 A few minutes before the shooting, Thompson and several of his friends saw Wysinger, with a black bag under his arm, and Slaughter standing outside a bar. No words were exchanged as Thompson and his friends proceeded to a “disco” around the corner.
 

 While awaiting admission, Thompson stepped outside the disco’s vestibule into the street. Just after the heavy metal door closed behind him, his friends heard a shotgun blast. They rushed out and saw Wysinger and an unidentified man fleeing. About one and one-half blocks away, Wysinger and the other man were joined by Slaughter, who had been observed running from the general area of the shooting with a pistol in his hand. Critically, no evidence placed Slaughter at the immediate site of the shooting.
 

 The prosecutor’s only other evidence was of a possible motive. To that end, the People showed that, one hour before the murder, a Mercedes-Benz jointly owned by Wysinger and Slaughter had been burned by persons un
 
 *995
 
 known. There was, however, no evidence that Slaughter believed Thompson to be responsible.
 

 Thus, the prosecutor’s only evidence was that Slaughter was friendly with the killer; Slaughter was seen in the area several minutes before the shooting; and he was seen running away from the
 
 general
 
 area with a pistol immediately after the shooting. Nothing indicates that he knew either that Wysinger had the shotgun or intended to kill Thompson, or that he even saw the shooting.
 

 The evidence simply is insufficient to permit all the inferences necessary to sustain the conviction (see
 
 People v Razezicz,
 
 206 NY 249;
 
 People v Kennedy,
 
 32 NY 141). Nothing shows intent, or complicity, or knowledge of the pending crime. Nor is there strong proof of motive. The conviction therefore was properly vacated.
 

 Chief Judge Cooke and Judges Jasen, Gabrielli, Jones, Wachtler, Fuchsberg and Meyer concur.
 

 Order affirmed in a memorandum.