FOURTH DEPARTMENT, APRIL, 1984

(April 12, 1984)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HARDY JOHNSON, JR., Appellant. — Judgment affirmed. Memorandum: The question presented is whether the People have established by circumstantial evidence that the defendant acted with the requisite specific intent to be guilty of second degree murder as an accomplice. ¶ On October 25, 1979 defendant, his brother-in-law, James Pittman, and a third companion were drinking in the City of Buffalo at a Bailey Avenue tavern, the Sportsmen's Inn. While Pittman was playing pool, several patrons accused him of stealing quarters. This led to Pittman being struck with a pool cue and the trio being chased from the premises. The next day, intent on seeking revenge, Pittman purchased a 30-30 caliber rifle. He and defendant spent the balance of the day together and later that evening, the two returned to the Sportsmen's Inn, Pittman carrying the rifle. ¶ After defendant and Pittman were observed hiding for 10 or 15 minutes behind a van in the parking lot across from the inn, Roger Heeb, a man uninvolved in the prior evening's fracas, left the bar to investigate what they were doing as the van belonged to a friend of his. As he passed through the doorway, three shots were fired by Pittman, one striking and killing him. Defendant and Pittman fled together, returning to defendant's apartment. While there, defendant admitted to Michael McCall, a witness, that he was with Pittman when Heeb was shot and that the shooting occurred to revenge the incident occurring the night before. ¶ Whether an accessory shares the intent of a principal actor may be proved by circumstantial evidence (*People v Ozarowski*, 38 NY2d 481, 489). Where the evidence is circumstantial, however, the jury must find that it leads to a conclusion of guilt beyond a reasonable doubt and, in addition, that the facts proved exclude to a moral certainty every reasonable hypothesis of innocence (*People v Borrero*, 26 NY2d 430, 434-435). "In the end, the application of the test becomes 'a question whether common human experience would lead a reasonable man, putting his mind to it, to reject or accept the inferences asserted for the established facts'" (*People v Benzinger*, 36 NY2d 29, 32, quoting *People v Borrero, supra*, p 435). Absolute or metaphysical certainty is not required (*People v Eckert*, 2 NY2d 126, 129). "Rather, it is enough if the circumstantial evidence is 'direct, substantial and unequivocal' * * * and the inferences of guilt to be drawn from the circumstances * * * are 'logically compelling'" (*People v Gross*, 51 AD2d 191, 193; see *People v Regina*, 19 NY2d 65, 73-74; *People v Harris*, 306 NY 345, 351). ¶ The evidence of defendant's intent was direct, substantial and unequivocal. Defendant and Pittman were friends. Both had been involved in the incident at the Sportsmen's Inn. If defendant did not share Pittman's motivation for revenge, he at least knew of Pittman's. They traveled together on the night of the murder, defendant obviously aware of the loaded rifle. Together they laid in wait for 15 minutes, Pittman shooting the victim immediately upon his passing through the door. These facts viewed in entirety logically compel the conclusion that defendant shared Pittman's intent to kill. ¶ The rule that circumstantial evidence must logically point to the defendant's guilt and exclude to a moral certainty every other reasonable hypothesis of innocence insures that the trier of fact use careful reasoning and not leap logical gaps in the proof or draw unwarranted conclusions based on weak probabilities (*People v Benzinger, supra*). The conclusion that Pittman intended to kill and that defendant shared this intent flows naturally from the evidence, and there is no fact inconsistent with this conclusion. ¶ All concur, except Doerr, J., who dissents and votes to reverse and dismiss the indictment, in the following memorandum.

Doerr, J. (dissenting). I respectfully disagree with the conclusion reached by the majority and would reverse the conviction. ¶ To establish accessorial liability for murder in the second degree where one other than defendant carried out the killing, the People must establish that defendant acted with the mental culpability required for the commission of the crime (Penal Law, § 20.00). This the People failed to do. ¶ The most that has been established is that defendant was present with codefendant James Pittman when the latter fired a shot and killed a patron exiting from a bar where Pittman had had an altercation on the previous evening. The victim had not been in the bar the night before. Defendant had been present, but had taken no active part in the altercation. ¶ The murder count charged requires the specific intent to cause death (Penal Law, § 125.25, subd 1). Although intent may be proven by circumstantial evidence (*People v Ozarowski*, 38 NY2d 481, 489), such evidence must exclude to a moral certainty every reasonable hypothesis of innocence (*People v Way*, 59 NY2d 361, 365). It is essential, therefore, that the proof fairly establish defendant's intent to kill and exclude any other purpose he had in going to the scene with Pittman (*People v Monaco*, 14 NY2d 43). "An aider and abettor must share the intent or purpose of the principal actor, and there can be no partnership in an act where there is no community of purpose" (1 Burdick, Law of Crime, § 221, p 297; see, also, *People v La Belle*, 18 NY2d 405, 412; *People v Bray*, 99 AD2d 470). ¶ In the case at bar, the circumstantial evidence is equivocal. One shot was fired from across the street when a bar patron emerged from the doorway. It is entirely possible that defendant accompanied his friend for the purpose of threatening bar patrons or seeking revenge on those who had harassed them the night before. It is entirely speculative, however, to conclude that defendant had the specific intent to shoot the first white person who stepped out of the bar. Mere presence at the scene of a crime with knowledge of its perpetration does not render the observer accessorially liable therefor (*People v La Belle, supra; People v Slaughter*, 83 AD2d 857, affd 56 NY2d 993). (Appeal from judgment of Erie County Court, Wolfgang, J. — murder, second degree.) Present — Dillon, P. J., Callahan, Doerr, Green and Moule, JJ.