THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ARMANDO REYES, Appellant.

The evidence adduced by the prosecution, which consisted primarily of the testimony of Transit Police Officer Frank Wakely, who was the victim of the attack by defendant and his cohorts, and his partner, Officer Eduardo Martinez, was sufficient to support defendant's conviction of assault in the second degree. Officer Wakely testified that defendant was wearing white sneakers which he had noticed seconds earlier on one of the persons who was kicking his rib cage. This constituted strong circumstantial evidence establishing that defendant actively participated in this violent attack on the officer. The attack was apparently precipitated by Officer Wakely's attempt to subdue another youth who had previously beaten a subway passenger. In addition, there was direct evidence that defendant was acting in concert with the other assailants to cause physical injury to Officer Wakely with the intent to prevent him from performing his lawful functions (see, Penal Law §§ 20.00, 120.05 [3]). Officer Wakely testified that he saw defendant standing several feet in front of him shouting, "[l]et's get him", when he sat up after the attack. When he came to his partner's aid, Officer Martinez observed that defendant was standing over Officer Wakely with a clenched fist while his codefendant was kicking the officer. Officer Martinez arrived at the scene after defendant and his cohorts had become aware of Officer Wakely's status as a police officer, as his handcuffs, gun and radio had been revealed during the attack and one of the assailants had called out to the others, "Watch out, he's a cop".

The same evidence, however, was insufficient to sustain defendant's conviction of attempted robbery in the second degree. Neither of the officers was able to observe which of the three assailants attempted to grab Officer Wakely's gun during the course of the attack. The purely circumstantial evidence linking defendant to the attempted robbery of Officer Wakely's gun did not refute the reasonable hypothesis that he participated only in the assault and did not share the specific intent of one or both of his cohorts to disarm the officer (see, Penal Law § 20.00; People v Wachowicz, 22 NY2d 369, 372; People v Kennedy, 47 NY2d 196, 202; People v La Belle, 18 NY2d 405; People v Jones, 89 AD2d 876; People v Slaughter, 83 AD2d 857, affd 56 NY2d 993; People v Thomas, 66 AD2d 1001).

The failure of the Trial Judge to grant defense counsel's request to deliver detailed instructions to the jury on the evaluation of circumstantial evidence does not constitute reversible error, as such instructions are not required where, as in the instant case, there is both direct and circumstantial evidence establishing the defendant's guilt (see, People v Ruiz, 52 NY2d

929, 930; *People v Barnes,* 50 NY2d 375, 380; *People v Licitra,* 47 NY2d 554, 558-559). We have considered the other contentions raised by the defense and find them to be without merit. Thompson, J. P., Bracken, O'Connor and Weinstein, JJ., concur.