■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES PITTMAN, Appellant.—Judgment unanimously affirmed. Memorandum: On appeal from his conviction of murder in the second degree, following a jury trial, defendant objects to the court's refusal to give a missing witness charge. This identical issue was raised by his codefendant on appeal and we found no error in the court's ruling *(People v Johnson,* 101 AD2d 684). Defendant's contention that the court, following a *Huntley* hearing, erred in holding that the March 12, 1980 and October 3, 1980 statements were admissible is likewise without merit. The credibility to be afforded witnesses presenting conflicting testimony is generally a matter for the trier of facts and no extraordinary circumstances have been presented requiring reversal of the hearing court's determination *(see, People v Hopkins,* 86 AD2d 937, 938, *affd* 58 NY2d 1079; *People v Wright,* 71 AD2d 585, 586). Defendant also claims that nonjudicial personnel determined the response to jury request No. 2; however, there is no indication in this record that the court delegated its duty to supervise the jury deliberations *(cf., People v Ahmed,* 66 NY2d 307, *rearg denied* 67 NY2d 647). Further, since the document requested had not been admitted into evidence and defendant does not claim that it was shown to the jury, there was no need to assemble the parties to rule on this request.

We have reviewed the additional issues raised in defendant's *pro se* brief and find them to be without merit. (Appeal from judgment of Erie County Court, Wolfgang, J.—murder,

second degree.) Present—Denman, J. P., Boomer, Pine, Balio and Lawton, JJ.