THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HORACE SHEPARD, Appellant. [786 NYS2d 680]—

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered January 22, 2003. The judgment convicted defendant, upon his plea of guilty, of burglary in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the first degree (Penal Law § 140.30 [1]). Contrary to the contention of defendant, County Court properly denied his motion to suppress the statements that he made to the police. Defendant had informed the police that he was the victim of a shooting in the City of Auburn, and his initial statements were made at that time, when he was not a suspect. Thus, no *Miranda* warnings were required with respect to those statements (*see generally People v Brown [Sterling]*, 295 AD2d 442 [2002], *lv denied* 99 NY2d 580 [2003]). Defendant also sought suppression of his subsequent statements,

made after *Miranda* warnings were administered. Contrary to the contention of defendant, the fact that he had sustained a gunshot wound does not by itself render his subsequent statements involuntary (*see People v Howard*, 256 AD2d 1170 [1998], *lv denied* 93 NY2d 874 [1999]). Defendant testified at the suppression hearing that he understood his *Miranda* rights, and there was no evidence at the hearing that he "lack[ed] mental capacity, that is, he was unable to appreciate the nature and consequences of his statements," based on the medication given to him at the hospital (*People v Schompert*, 19 NY2d 300, 305 [1967], *cert denied* 389 US 874 [1967]; *see People v Williams*, 291 AD2d 891 [2002], *lv denied* 98 NY2d 656 [2002]). The court therefore properly determined that defendant knowingly, intelligently and voluntarily waived his *Miranda* rights, and the court properly refused to suppress the statements made by defendant after waiving those rights (*see People v Spearman*, 226 AD2d 180, 181 [1996], *lv denied* 88 NY2d 886 [1996]; *People v Del Rosario*, 210 AD2d 72 [1994], *lv denied* 84 NY2d 1030 [1995]). We have reviewed defendant's remaining contention and conclude that it is without merit. Present—Hurlbutt, J.P., Scudder, Kehoe, Smith and Hayes, JJ.