(December 29, 2005)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS A. KEARNEY, Appellant. [806 NYS2d 777]—

Carpinello, J. Appeal from a judgment of the County Court of Schoharie County (Bartlett, III, J.), rendered March 20, 2002, upon a verdict convicting defendant of the crime of assault in the first degree.

In the early morning hours of December 15, 2000, defendant and a fellow college classmate brutally assaulted another classmate inside an unheated shed and then left him there despite the subfreezing temperatures outside. Specifically, defendant, clad in work boots, was observed repeatedly and forcibly "stomping" on the victim "as hard as he could," as well as kicking the victim in the face, stomach and back. The victim was unable to stand up or defend himself. At times, the victim was moaning while in a fetal position on the ground; at other times, he "was just lying there."

The victim was not discovered until the following afternoon. At this time, he was not wearing shoes or a coat. He spent over two weeks in the hospital as a result of the injuries sustained in the attack and the severe frostbite he developed from being left outside in the cold temperatures. Following a jury trial, defendant was convicted of assault in the first degree as a result of this incident. Sentenced to 12 years in prison and 5 years of postrelease supervision, he now appeals. Finding no merit to any of his arguments, we affirm.

Defendant first contends that his conviction was not supported by legally sufficient evidence and was against the weight of the evidence because the People failed to prove the requisite element of serious physical injury (*see* Penal Law § 120.10 [1]). We are unpersuaded. The People's evidence, namely, the testimony of the victim and his mother, as well as the victim's medical records, more than adequately established this element (*see* Penal Law § 10.00 [10]). When the victim was finally discovered on the afternoon following the assault, his face and hands were swollen to twice their normal size and he was bleeding from his eyes and nose. Indeed, his medical records documented that he was "severely injured," suffering from "a significant subcutaneous hematoma," various facial fractures, "significant soft tissue injury," rhabdomyolysis and frostbite. He spent 13 days in intensive care during which time he was in excruciating pain, required life support to address a collapsed lung and dialysis to address acute renal failure.

Upon his discharge from the hospital, he spent four weeks in a rehabilitation center undergoing occupational, physical and speech therapies. Indeed, upon entering the rehabilitation center, the victim was unable to walk, use his hands or feel his feet. He also remained in excruciating pain. As of the trial in this matter, the victim still had no feeling in the bottom of his feet, was unable to fully grasp items with his hand, could not stand for long periods of time and suffered from memory problems. Viewing the evidence in the light most favorable to

the People (*see People v Thompson*, 72 NY2d 410, 413 [1988]), we find that it was legally sufficient to establish defendant's guilt beyond a reasonable doubt (*see People v Willock*, 298 AD2d 161 [2002], *lv denied* 99 NY2d 566 [2002]; *People v Cruz*, 267 AD2d 319 [1999], *lv denied* 94 NY2d 918 [2000]; *People v Thompson*, 224 AD2d 646 [1996], *lv denied* 88 NY2d 970 [1996]; *see also People v Bleakley*, 69 NY2d 490, 495 [1987]). Likewise, upon the exercise of our factual review power, we find that the verdict was not against the weight of the evidence (*see* CPL 470.15 [5]; *People v Bleakley, supra*).

Next, we find no abuse of discretion in County Court's denial of defendant's requests for new counsel (*see People v Linares*, 2 NY3d 507, 510 [2004]; *People v Sides*, 75 NY2d 822, 824 [1990]). The court's inquiry into defendant's first request was indeed diligent and more than satisfied the requisite "minimal inquiry" required under *People v Sides* (*supra* at 825) and its progeny. Moreover, the court reasonably concluded that substitution was not warranted. Nothing contained in follow-up letters by defense counsel and defendant approximately one week later required the court to revisit the issue or make an additional inquiry into the matter.

Finally, given the brutal and inhuman circumstances surrounding this assault, as well as defendant's criminal history, we are unpersuaded by defendant's argument that his sentence should be reduced in the interest of justice (*see e.g. People v Gregory*, 290 AD2d 810 [2002], *lv denied* 98 NY2d 675 [2002]).

Cardona, P.J., Mercure, Spain and Mugglin, JJ., concur. Ordered that the judgment is affirmed.