■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARLON C. MOORE, Also Known as "NASEEM," Appellant. [814 NYS2d 405]—

Cardona, P.J. Appeal from a judgment of the County Court of Albany County (Pulver, Jr., J.), rendered August 15, 2001, upon a verdict convicting defendant of two counts of the crime of assault in the second degree.

On November 22, 2000, apparently due to a territorial dispute over illegal drug sales, an individual identified as defendant was observed using a knife to stab Darrell Carter and Xavier Pilataxi, causing each to sustain severe lacerations. Defendant was thereafter charged in a multicount indictment with, among other things, several counts of assault in the second degree.* After a jury trial, defendant was convicted of two counts of assault in the second degree pertaining to the stabbings and he was sentenced, as a second felony offender, to concurrent prison terms of seven years, with three years of postrelease supervision.

---

* Several of the charges in the indictment, including a count of attempted murder in the second degree, stemmed from an accusation that, approximately one week after the subject stabbings, defendant shot a different individual. Defendant was found not guilty of all charges emanating from that shooting and, therefore, that aspect of the trial evidence will not be addressed.

Initially, defendant contends that his convictions were not supported by legally sufficient evidence because the People failed to establish defendant's presence at the crime scene. A verdict is supported by legally sufficient evidence when it is determined that "there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crime charged" (*People v Bleakley*, 69 NY2d 490, 495 [1987] [citation omitted]; *see People v Valderama*, 25 AD3d 819, 820 [2006]). Significantly, in order to establish a prima facie case for assault in the second degree, the People must show that defendant, with the intent to cause physical injury to another person, did cause such injury to such person via a deadly weapon or a dangerous instrument (*see* Penal Law § 120.05 [2]; *People v Amato*, 1 AD3d 713, 715 [2003], *lv denied* 1 NY3d 594 [2004]).

Here, the evidence established a valid and permissible line of inferences permitting the jury to reasonably conclude that defendant committed the subject crimes of assault in the second degree. Specifically, two eyewitnesses identified defendant as the perpetrator of the stabbings. Joshawn Williams, a friend of Carter who accompanied him to the hospital, testified that he saw defendant pull Carter's arm and stab him, pulling the knife down through his skin. He then saw defendant cut Pilataxi on his arm and saw the knife fly through the air and strike him in the head. In the course of his testimony, Williams positively identified defendant as the individual who cut Pilataxi and Carter. In addition to Williams' testimony, Robert Gunney testified that he saw defendant stab both men. According the People the benefit of every favorable inference, the evidence, including proof establishing the extent of the victims' injuries, was legally sufficient to establish that defendant committed the crimes for which he was convicted (*see People v Amato, supra* at 715-716).

In addition, we are unpersuaded by defendant's contention that the jury's verdict was against the weight of the evidence. Although "a different verdict here would not have been unreasonable, the conflicting testimony raised credibility questions which were within the jury's province to resolve" (*People v Beverly [Priest]*, 5 AD3d 862, 865 [2004], *lvs denied* 2 NY3d 796, 804 [2004]). For example, while it is true that Carter, the only victim of the stabbings who testified, refused to confirm a prior identification of defendant as his assailant, we note that the People also presented evidence indicating that Carter may have been pressured by defendant's supporters to change his

testimony. Notably, these matters, as well as issues relating to Gunney's credibility, were thoroughly aired during cross-examination and, in any event, given the fact that, among other things, the testimony of Williams was not seriously challenged at trial, we deem it appropriate under the circumstances to "defer to the jury's superior ability to evaluate the credibility of the various witnesses" (*People v Morris*, 25 AD3d 915, 918 [2006]).

Next, defendant contends that County Court erred when charging the jury as to reasonable doubt. Significantly, this argument is unpreserved for our review due to defendant's failure to object to the charge or raise any additional exceptions or charges despite the court's inquiry (*see People v Lamont*, 21 AD3d 1129, 1133 [2005]). Nevertheless, were this Court to review the claim on the merits in the exercise of its discretion, we would find it unavailing (*see People v Antommarchi*, 80 NY2d 247, 252 [1992]; *People v Wright*, 22 AD3d 873, 876 [2005], *lv denied* 6 NY3d 761 [2005]; CJI2d[NY] Presumption of Innocence, Burden of Proof, Reasonable Doubt).

Finally, we are unpersuaded by defendant's contention that the sentence imposed is harsh and excessive. Defendant, who has a history of violent behavior and a lengthy criminal history, has demonstrated neither extraordinary circumstances nor an abuse of discretion which would warrant modification of his sentence (*see People v Kearney*, 24 AD3d 1105, 1107 [2005]).

Mercure, Spain, Mugglin and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.