■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v TERRANCE WASHINGTON, Appellant. (Appeal No. 1.) [832 NYS2d 334]—

Appeal from a judgment of the Supreme Court, Monroe County (Stephen R. Sirkin, A.J.), rendered July 2, 2003. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: In appeal No. 1, defendant appeals from a judgment convicting him following a jury trial of criminal possession of a weapon in the second degree (Penal Law former § 265.03 [2]) and, in appeal No. 2, he appeals from a judgment convicting him, following the same jury trial, of murder in the second degree (§ 125.25 [1]). The verdict with respect to intentional murder is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495 [1987]). The evidence presented at trial establishes that defendant had a motive to kill the victim and that he and a codefendant exited a vehicle with their guns drawn. Defendant shot the victim in the knee, and he and codefendant searched the victim for a gun. According to one of two statements given by defendant to the police, he knew that the codefendant intended to shoot the victim if they found a gun on his person, and defendant gave the gun to the codefendant after finding it on the victim's person. The codefendant then "immediately" shot the victim in the head with a different gun. The jury thus was entitled to credit the theory of the prosecution that defendant shared the intent of his codefendant to kill the victim and intentionally aided him in carrying out that intent, and the jury was entitled to reject the theory of defendant that he was a mere bystander to the codefendant's allegedly spontaneous act of homicide (*see People v McKnight*, 306 AD2d 546 [2003], *lv denied* 100 NY2d 596 [2003]; *People v Johnson*, 101 AD2d 684 [1984]; *see also People v Middleton*, 192 AD2d 740 [1993], *lv denied* 83 NY2d 913 [1994]; *cf. People v Hayes*, 117 AD2d 621, 622-623 [1986], *lv denied* 68 NY2d 668 [1986]).

We further reject defendant's contention that reversal is required based on Supreme Court's failure to make the requisite inquiry with respect to defendant's request for substitution of counsel. The record establishes that the court properly made a "minimal inquiry" to determine whether to grant defendant's request and that defendant was afforded an ample opportunity to present good cause for a substitution but failed to do so (*People v Sides*, 75 NY2d 822, 825 [1990]; *see People v Kearney*, 24 AD3d 1105, 1107 [2005], *lv denied* 6 NY3d 814 [2005]; *People v Walton*, 14 AD3d 419, 419-420 [2005], *lv denied* 5 NY3d 796 [2005]).

Finally, defendant failed to object to the court's ultimate *Sandoval* ruling and thus failed to preserve for our review his contention that the court failed to consider and balance the appropriate *Sandoval* factors (*see People v McMillon*, 32 AD3d 1300 [2006], *lv denied* 7 NY3d 903 [2006]; *People v Trammell*, 28 AD3d 1219 [2006], *lv denied* 7 NY3d 795 [2006]). In any

event, defendant's contention lacks merit (*see People v Tirado*, 19 AD3d 712, 713 [2005], *lv denied* 5 NY3d 810 [2005]). Present—Gorski, J.P., Martoche, Smith, Lunn and Pine, JJ.