■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANA BUCKMAN, Appellant. [886 NYS2d 271]—

Appeal from a judgment of the Monroe County Court (Alex R. Renzi, J.), rendered February 1, 2006. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of robbery in the first degree (Penal Law § 160.15 [4]). Although defendant sought to suppress oral statements that he made to the police, he contends for the first time on appeal that County Court erred in refusing to suppress the statements on the ground that they were the product of physical coercion. Defendant thus failed to preserve that contention for our review (*see People v Poole*, 55 AD3d 1354 [2008], *lv denied* 11 NY3d 929 [2009]; *People v Brooks*, 26 AD3d 739, 740 [2006], *lv denied* 6 NY3d 846, 7 NY3d 810 [2006]; *People v Zeito*, 302 AD2d 923 [2003], *lv denied* 99 NY2d 634 [2003]). In any event, defendant's contention is without merit. There was no evidence adduced at the *Huntley* hearing that defendant's purported injuries rendered the statements the product of physical coercion and thus involuntary (*see generally People v Shepard*, 13 AD3d 1223, 1224 [2004], *lv denied* 4 NY3d 803 [2005]; *People v Howard*, 256 AD2d 1170 [1998], *lv denied* 93 NY2d 874 [1999]). We likewise conclude that the statements were not the product of physical coercion and thus involuntary based on defendant's alleged heroin withdrawal during the police interview. "Heroin withdrawal will not render an oral statement inadmissible unless the withdrawal 'has risen to the degree of mania' " (*People v Dlugos*, 237 AD2d 754, 756 [1997], *lv denied* 89 NY2d 1091 [1997], quoting *People v Adams*, 26 NY2d 129, 137 [1970], *cert denied* 399 US 931 [1970]), and here the record is devoid of any evidence of mania.

Contrary to the further contention of defendant, he failed to meet his ultimate burden of proving that the photo array was unduly suggestive based on the fact that he was the only individual depicted with light-colored eyes (*see People v Bell*, 19 AD3d 1074 [2005], *lv denied* 5 NY3d 803, 850 [2005]). Indeed,

there was no testimony adduced at the *Wade* hearing that the eyewitnesses had described defendant as having light-colored eyes (*see id.*). Finally, the sentence is not unduly harsh or severe. Present—Scudder, P.J., Martoche, Peradotto, Carni and Gorski, JJ.