# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**612**

**KA 09-01801**

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                              MEMORANDUM AND ORDER

LAMAR O. ADGER, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (WILLIAM PIXLEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

LAMAR O. ADGER, DEFENDANT-APPELLANT PRO SE.

MICHAEL C. GREEN, DISTRICT ATTORNEY, ROCHESTER (JOSEPH D. WALDORF OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered June 17, 2009. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of robbery in the first degree (Penal Law § 160.15 [3]). We agree with defendant that his waiver of the right to appeal is invalid inasmuch as County Court's "single reference to [the] right to appeal is insufficient to establish that the court 'engage[d] the defendant in an adequate colloquy to ensure that the waiver of the right to appeal was a knowing and voluntary choice' " (*People v Brown*, 296 AD2d 860, *lv denied* 98 NY2d 767; *see People v Springstead*, 57 AD3d 1397, *lv denied* 12 NY3d 788; *People v Newman*, 21 AD3d 1343). Thus, defendant's contention that the court erred in refusing to suppress certain physical evidence on the ground that it was illegally seized is not encompassed by the invalid waiver of the right to appeal. That contention, however, is raised for the first time on appeal and thus is not preserved for our review (*see generally People v Howard*, 71 AD3d 1443, *lv denied* 15 NY3d 751; *People v Dumbleton*, 67 AD3d 1451, *lv denied* 14 NY3d 770; *People v Buckman*, 66 AD3d 1400, 1401, *lv denied* 13 NY3d 937), and we decline to exercise our power to review defendant's contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]). Even assuming, arguendo, that defendant's general challenge to the stop and subsequent search was sufficient to preserve his present contention that the seizure of certain physical evidence was unlawful, defendant correctly concedes that he abandoned that contention before the

suppression court (*see generally People v Anderson*, 52 AD3d 1320, 1321, *lv denied* 11 NY3d 733; *People v Smith*, 13 AD3d 1121, 1122, *lv denied* 4 NY3d 803).

We reject the contention of defendant in his pro se supplemental brief that the court failed to make an appropriate inquiry into his complaints concerning defense counsel and in response to his request for substitution of counsel. Defendant "did not establish a serious complaint concerning defense counsel's representation and thus did not suggest a serious possibility of good cause for substitution [of counsel]" (*People v Randle* [appeal No. 2], 21 AD3d 1341, 1341, *lv denied* 6 NY3d 757 [internal quotation marks omitted]; *see People v Velasquez*, 66 AD3d 1460, *lv denied* 13 NY3d 938, 942; *People v Moore*, 41 AD3d 1149, 1150-1151, *lv denied* 9 NY3d 879, 992). In any event, we conclude that the court made the requisite " 'minimal inquiry' " into defendant's reasons for requesting new counsel (*People v Porto*, 16 NY3d 93, 100; *see People v Russell*, 55 AD3d 1314, 1315, *lv denied* 11 NY3d 930; *People v Washington*, 38 AD3d 1339, 1340, *lv denied* 9 NY3d 870). "[T]he court afforded defendant the opportunity to express his objections concerning [defense counsel], and the court thereafter reasonably concluded that defendant's . . . objections had no merit or substance" (*People v Singletary*, 63 AD3d 1654, *lv denied* 13 NY3d 839 [internal quotation marks omitted]).

Defendant further contends in his pro se supplemental brief that he was denied effective assistance of counsel. To the extent that defendant's contention is not forfeited by the plea (*see People v Santos*, 37 AD3d 1141, *lv denied* 8 NY3d 950), it involves matters outside the record on appeal and thus must be raised by way of a motion pursuant to CPL 440.10 (*see People v Cobb*, 72 AD3d 1565, 1567, *lv denied* 15 NY3d 803; *People v Slater*, 61 AD3d 1328, 1329-1330, *lv denied* 13 NY3d 749; *People v Lawrence*, 27 AD3d 1120, *lv denied* 6 NY3d 850).

Finally, the sentence is not unduly harsh or severe.

Entered: April 29, 2011                          Patricia L. Morgan
                                                 Clerk of the Court