People v Hancock (2024 NY Slip Op 03959)

People v Hancock

2024 NY Slip Op 03959

Decided on July 26, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 26, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, OGDEN, GREENWOOD, AND KEANE, JJ.

431 KA 19-00109

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
ALVIN J. HANCOCK, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (PAUL SKIP LAISURE OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Judith A. Sinclair, J.), rendered December 3, 2018. The judgment convicted defendant upon a jury verdict of murder in the second degree (two counts), kidnapping in the first degree, burglary in the first degree, robbery in the first degree, and robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of murder in the second degree (Penal Law § 125.25 [1], [3]), and one count each of kidnapping in the first degree (§ 135.25 [3]), burglary in the first degree (§ 140.30 [4]), robbery in the first degree (§ 160.15 [4]), and robbery in the second degree (§ 160.10 [1]). We previously affirmed the judgment convicting one of his codefendants (People v Myles, 216 AD3d 1419 [4th Dept 2023], lv denied 40 NY3d 936 [2023]), and we modified the sentence and otherwise affirmed the judgment convicting his other codefendant (People v Colon, 192 AD3d 1567 [4th Dept 2021], lv denied 37 NY3d 955 [2021]).
Defendant contends that the evidence is legally insufficient and the verdict is against the weight of the evidence. We reject those contentions. "It is well settled that, even in circumstantial evidence cases, the standard for appellate review of legal sufficiency issues is 'whether any valid line of reasoning and permissible inferences could lead a rational person to the conclusion reached by the [jury] on the basis of the evidence at trial, viewed in the light most favorable to the People' " (People v Hines, 97 NY2d 56, 62 [2001], rearg denied 97 NY2d 678 [2001]).
Here, the evidence establishes that, on the morning that the murder victim went missing, defendant called his nephew to inquire about purchasing a gun. At approximately 9:00 that morning, defendant met his nephew and "told [him] that whatever [defendant] had planned [had gone] south" because "his friend was trippin' or something." The nephew then went with defendant and codefendant Genesis Colon to the house where codefendant Tyshon Myles resided, and left shortly thereafter to obtain the gun. Upon the nephew's return to the residence with a small handgun, similar to the one observed by the robbery victim, defendant and his nephew entered the basement, and defendant instructed his nephew "to look toward the back of the basement," where the nephew observed Myles and the murder victim, who was alive but hogtied. Although it is true that the ankle monitor tracking and video surveillance evidence merely placed defendant with the codefendants during the morning that the murder victim went missing, the testimony of the nephew established defendant's complicity in the crimes. This is not a case where the evidence established only defendant's mere presence at the scene of the crimes (cf. People v Slaughter, 83 AD2d 857, 857-858 [2d Dept 1981], affd 56 NY2d 993 [1982]).
We conclude that, viewing the evidence in the light most favorable to the People (see [*2]Hines, 97 NY2d at 62; People v Contes, 60 NY2d 620, 621 [1983]), there is a valid line of reasoning and permissible inferences from which the jury could find that defendant, either as a principal or an accomplice, kidnapped and killed the murder victim and participated in the burglary and robbery of his girlfriend. Contrary to defendant's further contention, viewing the evidence in light of the elements of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]).
To the extent that defendant preserved for our review his contentions regarding video and photographic evidence (see generally People v Ball, 11 AD3d 904, 905 [4th Dept 2004], lv denied 3 NY3d 755 [2004], reconsideration denied 4 NY3d 741 [2004]), we conclude that they lack merit (see generally People v Patterson, 93 NY2d 80, 84 [1999]).
Entered: July 26, 2024
Ann Dillon Flynn
Clerk of the Court